WHEELER & WILSON MANUFACTURING COMPANY *v.* B. T. LIGON.

1. TAX DEED. *Filing of in clerk's office. Presumption thereof.*
   The presumptions in favor of the validity of a tax-sale, arising under the Code of 1880, from the tax collector's deed to an individual purchaser, extend to and include the presumption, in the absence of proof to the contrary, that the collector filed the deed in the office of the clerk of the chancery court within the time prescribed by law.

2. SAME. *Presumption thereon as to delivery of assessment roll to collector.*
   It is also presumed in favor of a tax collector's deed, in the absence of proof, that the clerk of the board of supervisors performed his duty in delivering a copy of the assessment roll upon which the tax-sale is based to the tax collector after the same had been examined and approved, as directed by the board and as required by law.

3. TAX ASSESSMENT. *Defective affidavit of assessor or certificate of clerk. Effect as to tax sales.*
   The failure of the assessor to append to an assessment roll of land the affidavit required by the revenue act of 1878, and the making of a defective certificate to the copy of such roll delivered to the tax collector by the clerk of the board of supervisors, are irregularities which do not vitiate the assessment and render sales under it void. *Chestnut* v. *Elliott,* 61 Miss. 569, cited.

4. TAX-DEED. *For land in first district, Hinds County. Where to be filed.*
   Although Raymond, in the second district, was the proper place (in 1881)' for the sale of all lands in Hinds County delinquent for taxes, yet, under an act of the legislature approved July 30, 1871, deeds to individual purchasers at such sales, for land situated in the first district of the county, were required to be filed in the office of the chancery clerk at Jackson, in the first district.

APPEAL from the Chancery Court of Hinds County.

HON. E. G. PEYTON, Chancellor.

On the first Monday of March, 1881, a certain tract of land lying in the first district of Hinds County and belonging to the Wheeler & Wilson Manufacturing Company was sold at Raymond, in the second district of the county, by the tax collector to B. T. Ligon for the taxes due thereon for the year 1880. The sale was based upon an assessment made in 1879. After the expiration of the period allowed for redemption, Ligon received his

deed, and thereupon filed a bill to confirm his tax-title, he having secured the possession of the land.

The Wheeler & Wilson Manufacturing Company answered the bill, attacking the sale to the complainant upon the following grounds:

"First. There was never any legal and valid assessment of said land, because (1) the assessor failed to deliver to the clerk of the board of supervisors the assessment roll within the time required by law; (2) the assessor never certified and made affidavit to the assessment roll, as required by law.

"Second. The sale was illegal and void, because (1) the tax collector did not at the time of making said sale have in his possession any duly certified copy of the assessment roll; (2) the clerk of the board of supervisors did not make out and deliver to the tax collector a certified copy of the assessment roll, as required by law; (3) the tax collector had no warrant or authority for making said sale; (4) said land was not advertised for sale according to law; (5) said sale was made at Raymond, in the second district of Hinds County, while the land is situated in the first district of said county.

"Third. Respondent never had any opportunity to redeem said land after said sale, as allowed by law, because (1) said tax collector did not execute and file with the chancery clerk the conveyance to complainant and the list of lands sold to individuals, in accordance with the statute; (2) said conveyance and list did not remain in the chancery clerk's office for twelve months, as required by law; (3) there is not now, and never has been, any record of said sale in the office of the clerk of the chancery court at Raymond with said conveyance or said list."

A sufficient statement of the facts established by the evidence will be found in the opinion of the court. The Chancellor rendered a decree for the complainant and the defendant appealed to this court.

*D. Shelton*, for the appellant.

Wheeler & Wilson make one defense that cannot be met by appellee.

*They were never given the legal opportunity to redeem.*

In the system for redemption of lands sold for taxes under the the revenue laws of 1878 and 1880 there are two important periods, and important things prescribed as to each of those periods, one is the first month after the sale, the other is the end of the redemption year. During the *first period*, the tax-deed must be *filed* and *registered* in the chancery clerk's office; at the *second* period, the end of the year, the deeds not redeemed within the year must be delivered to the purchasers at the tax sale. But between those two periods there are rights, duties, and obligations important in the matter of redemption; the original owner may redeem, the clerk receive the redemption money, and he shall note the redemption on the *registration* and deliver the tax-deed to the redeemer.

Now there was something to be done during the *first month* which in the statute is called "filed and registered." Now if that does not mean "filed and recorded," like other deeds to land, it only means "left in the clerk's office." My interpretation is that the words "file and register" used by the statute in relation to the tax-deeds means just what "file and record" means as to other deeds, to wit, that it must be marked filed by the clerk, and it must be indexed and copied on the record books of deeds; that the note of redemption means the same except that it is more definite and specific as the clerk's note of redemption or satisfaction on the record (or registration of a mortgage). The appellee's deed purports to have been filed on the 16th of March, 1882, more than a year after the sale. And there is no evidence to show that it was filed before that date. I contend, also, that to defeat the right of redemption by the lapse of a year, the tax purchaser must prove that the opportunity to redeem was given according to the statute.

I admit that the revenue laws change the *onus probandi* up to and including the sale. I deny that it goes farther and changes the *onus* as to statutory requisitions about redemption.

If the assessment roll as completed on the first Monday of September *was not void, still the sheriff had no certified copy of it; that is fatal if it be true.* 55 Miss. 1, 20, 21, 26, 35; 56 Miss. 718; 5 Miss. 693. The collector had neither the original nor a copy;

therefore the sale was void for want of authority in the sheriff to make it.

*Frank Johnston,* for the appellee.

1. Every question presented respecting the validity of the assessment roll of 1879 of Hinds County was considered and practically decided in *Wolfe* v. *Murphy,* 60 Miss.

2. The tax assessor unquestionably had a certified roll in his possession when he made the sale and long before. A copy is annexed to Chiles' deposition.

The objection is really not that there was no certified copy in the tax collector's hands, but it amounts simply to a criticism on the *form of the certificate;* and the criticism amounts to this, that the clerk certified *that it was a copy of the roll sworn to and filed by the tax collector on July* 21, 1879, and did not particularly specify any changes made by the board. If there had been no certificate to the copy, the sale would not have been invalid. *Chesnut* v. *Elliott,* 61 Miss. 569.

I understand that the rule making the tax collector's deed *primâ facie* evidence of a valid title to include the idea that it is *primâ facie* evidence of *every fact upon which the validity* of the title depends. Therefore the *onus probandi* is upon the defendant to prove the essential defects which he avers.

3. Mr. Shelton is in error in assuming that the deed was not *filed* with the clerk until March 16, 1882. The objection is this, that the list and deeds were handed to the deputy clerk at Jackson, or, in other words were, lodged and kept in the chancery clerk's office at Jackson. The chancery clerk kept a list and deeds of the second district lands at Raymond, and the list and deeds to the first district lands at Jackson, the chancery clerk having these two offices. It will be remembered that the two districts for all the purposes of recording deeds and mortgages, etc., are *perfectly distinct.*

ARNOLD, J., delivered the opinion of the court.

The sale of the land in question occurred in 1881, and is governed by the provisions of the Code of 1880 in reference to sales for taxes, but the assessment was made in 1879, and its validity must be deter-

mined by an Act in relation to Public Revenue, approved March 5, 1878, the law then in force in regard to the assessment of taxes.

Under § 526 of the Code of 1880, a tax collector's deed is *primâ facie* evidence that everything essential to the collector's power to sell existed at the time of the sale, and that everything was done necessary to constitute a valid sale, and the burden of proof is upon the party who attempts to impeach such deed to show its invalidity. *Virden* v. *Bowers*, 55 Miss. 1; *Bell* v. *Gordon*, Ib. 45; *Clymer* v. *Cameron*, Ib. 593; *Griffin* v. *Dogan*, 48 Miss. 11; *Green* v. *Williams*, 58 Miss. 752; *Hardie* v. *Chrisman*, 60 Miss. 671.

*Wolfe* v. *Murphy*, 60 Miss. 1, in which the assessment of the lands of Hinds County for the year 1879 was involved, is decisive against most of the objections made to the assessment in this case. After the assessment roll was filed, examined, and approved by the board of supervisors and the county tax levied, they ordered their clerk to make, certify, and deliver copies of the same to the sheriff and tax collector of the county. It was the duty of the clerk to do this, and it cannot be assumed, in the absence of proof, that he failed to do so. It seems that the clerk's certificate to the copy of the land roll was defective, and it may be that the assessor did not fully comply with the statute in regard to the affidavit required to be appended by him to the roll; but such irregularities, under our constitution and statutes, do not vitiate the assessment so as to render a sale made under it void. *Chesnut* v. *Elliott*, 61 Miss. 569.

The proof shows that the sale was made at Raymond, where it should have been made.

After the sale the deed should have been filed in the office of the chancery clerk at Jackson, in the district in which the land was situate (Acts 1871, 759), and this should have been done under § 531 of the Code of 1880 on or before the 1st of April, 1881. It appears from the testimony that it was filed with the chancery clerk at Jackson, but not when it was so filed. Without further proof on the subject, it must be presumed that the sheriff and tax collector performed his duty, and that the deed was filed by him within the time prescribed by law. *Corburn* v. *Crittenden*, *ante* 125.

*Affirmed.*