HENRY BRANNON ET AL. v. LEWIS V. PRINGLE.

[47 South. 674.]

TAXATION. *Tax deeds. Filing for redemption. Clerk need not actually indorse.* Code 1906, § 4338.

It is not essential to the validity of a tax deed that the chancery clerk should have marked it "Filed" when the collector deposited it with him under Code 1906, § 4338, requiring the collector to file all conveyances of land sold for taxes in the chancery clerk's office, there to remain, subject to redemption, for two years from the sale.

FROM the chancery court of Jackson county.

HON. THADDEUS A. WOOD, Chancellor.

Pringle, appellee, was complainant in the court below; Brannon and others, appellants, were defendants there. From a decree in complainant's favor, defendants appealed to the supreme court.

The first opinion of the court, delivered by CALHOON, J., sufficiently states the facts.

*C. H. Wood,* for appellants.

The tax deed under which Pringle claims title was never filed for record. There was, accordingly, no full compliance with Code 1892, § 3823, and Pringle acquired no title under the tax deed. *Vasser v. George,* 47 Miss. 713; *Bank v. Louisville, etc., R. Co.,* 72 Miss. 447, 17 South. 7.

The tax deed which was in evidence shows of itself that it was never marked filed. In fact, learned counsel for appellees seem to rely solely upon the *prima facie* effect of the existence of the tax deed. But this is overcome by recitals of the deed itself, which is of course the best evidence.

*Deny & Deny,* on the same side.

*H. B. Everett,* for appellee.

That the tax deed was not filed for record is no ground for reversal. No law required it to be marked filed, and the presumption is that it was lodged with the clerk for the two years' period of redemption. It is so alleged in the bill, and is not denied in the answer, and there was no evidence that it was not lodged with the clerk for the two years' period.

It must accordingly follow that the decree of the court below must be affirmed. *Hardie v. Chrisman,* 60 Miss. 671; *Chrisman v. Currie,* 60 Miss. 858; *Bell v. Gordon,* 55 Miss. 45.

CALHOON, J., delivered the following opinion of the court, the one first rendered in the case, but afterwards vacated:

This voluminous record consists of an original and amended bill and answers and cross-bills and answers to cross-bills, etc., all of which are grounded on the original proceeding by Pringle to confirm his alleged tax title to lands. One of the points for the defense is that the tax deed under which he claims was never filed for record. That instrument is itself in evidence, and does not show that it ever had been marked "Filed" by the clerk, as required by section 3823, Ann. Code 1892, which is the same as section 4338, Code 1906. This section requires that the tax collector "shall file all conveyances of land sold to individuals in the office of the clerk of the chancery court of the county on or before the first Monday of April, there to remain for two years from the day of sale, unless the land be sooner redeemed," and providing that the owner might redeem it within two years by paying the clerk, etc. It will be seen that the question is whether these tax conveyances shall be marked "Filed" by the clerk, or whether they may be simply deposited with him, and whether this mere deposit will be a compliance with the statute. It will be noticed that these conveyances are not to be recorded, but simply "filed" in the office of the clerk.

In order to ascertain the legislative intent, it must be observed that under section 2457, Ann. Code 1892, being the same as sec-

tion 2787, Code 1906, it is provided, in reference to convey-ances, mortgages, etc., that they shall be void as to all subsequent purchasers for value without notice, unless "lodged with the clerk of the chancery court of the proper county, to be recorded," etc. ; and that by section 2458, Code 1892, being the same as section 2788, Code 1906, "every conveyance, covenant, agreement, bond, mortgage and deed of trust shall take effect, as to all purchasers for a valuable consideration without notice, and as to all creditors, only from the time when delivered to the clerk to be recorded." It is plain that the intent was that where the requirement is simply to "lodge for record," or to "deliver to the clerk," recording was designed, and it was not intended that there should be necessarily a marking of the paper "Filed" by the clerk; but it seems to us that there was another intent in the requirement that the tax conveyances should be by the collector "filed in the chancery clerk's office." Of course, we understand the signification of the word "filed" in the lexicographies, and its derivation from the word "filum," being a thread, indicating the form of practice of putting papers on a thread for preserva-tion and in order that they might be readily found; but under the modern authorities we think there is a more enlarged mean-ing attached, and that manual indorsement is now necessary in cases where the documents are left in a public office, not for record, but for safe-keeping and reference.

Be this as it may, for the reasons heretofore given, we are of opinion that, under our statute, the tax conveyance must be ab-solutely marked "Filed" by the clerk, with the date of filing, as a memorial by which it may be ascertained exactly at any time whether or not the two years allowed for redemption have ex-pired, or when they will expire. We therefore think, without going further into this case, that the original and amended bills must be dismissed, and the decree of the lower court reversed, all of which is accordingly now decreed, and it necessarily fol-lows that all the proceedings appendant must fall with the origi-nal and amended bill.                           *Reversed.*

*H. B. Everett,* for the appellee, after the delivery of the fore-going opinion, suggested error therein, placing great emphasis on the fact that the tax deed was *prima facie* evidence of a proper tax sale, and especially relied upon. *Wheeler v. Ligon,* 62 Miss. 560.

WHITFIELD, C. J., delivered the opinion of the court in response to the suggestion of error.

Section 4338, Code 1906, provides that "the tax collector shall file all conveyances of land sold to individuals in the office of the clerk of the chancery court of the county on or before the first Monday in April, there to remain for two years from the day of sale, unless the land be sooner redeemed." Construing this provision, it was held in the original opinion in this case that it was essential that the clerk should mark the deed "Filed," and that since this deed, or a certified copy of it in the record, did not show any such marking "Filed" by the clerk, the instrument was void. Our late Brother CALHOON, who delivered the opinion, himself examined this suggestion of error, and called the attention of the other members of the court to the fact that he thought the suggestion was properly taken and should be maintained, saying he had overlooked the case of *Wheeler v. Ligon,* 62 Miss. 562.

The court as at present organized has again carefully considered the suggestion of error, and we are satisfied that the suggestion of error is well taken. Certainly it was decided in *Wheeler v. Ligon* that the failure of the tax collector to file with the chancery clerk the conveyance did not vitiate such conveyance and it was further decided in that case that under section 526, Rev. Code 1880, the presumption that section provides attached to the filing of such tax deed with the chancery clerk. The statute (section 4338, Code 1906) itself provides that the tax collector shall file the deed. It does not say that the clerk shall file it. It will not do to say that the clerk shall mark it "Filed," that it may remain a memorial by which it may be as-

certained whether the time for redemption has expired, for the
reason that the time for redemption is two years from the day of
sale, not from the day of filing; and if the object in having the
tax collector file the conveyance is simply to lodge it in the
proper custody, as seems to us the true construction, then mani-
festly the mere marking of the deed "Filed" by the clerk could
effect nothing as to that intent.

It follows that the suggestion of error is sustained, the for-
mer judgment in the case vacated and set aside, and a judgment
of affirmance now entered.

*Affirmed.*