CHANDLER *v.* JOHNSON CITY.

(*Knoxville.* November 17, 1900.)

1. MUNICIPAL CORPORATIONS. "*Ordinance*" *synonymous with* "*resolution.*"

"Ordinance" is used in the sense of "resolution," where a city council, acting under a charter that requires ordinances to be passed three times on three different days, enacts that the salaries of officers elected by itself shall be fixed by "ordinance" instead of "resolution," to be passed on a single reading at one meeting.

2. SAME. *Recorder's salary.*

Under a city ordinance that provides that the Recorder's salary shall be fixed by the city council at the first meeting after their qualification and before his election, and not thereafter changed during his term, the Recorder cannot claim any salary not fixed in accordance with such ordinance. He cannot claim the amount of salary fixed for his predecessor, especially where he has accepted the amount fixed by resolution of the council after his election, but before his qualification.

---

FROM WASHINGTON.

---

Appeal from Chancery Court of Washington County. JOHN P. SMITH, Ch.

H. H. CARR and G. T. LEE for Chandler.

ISAAC HARR and S. E. MILLER for Johnson City.

WILKES, J. This is an action to recover from the town of Johnson City an amount claimed by complainant to be due him as Recorder.

There was a demurrer to the bill, which was sustained, and it was dismissed, denying all relief, and complainant appealed. The cause has been heard by the Court of Chancery Appeals, and that Court affirmed the decree of the Chancellor, and complainant has appealed to this Court, and assigned errors.

The bill avers that complainant was elected Recorder of Johnson City on the 1st day of April, 1896, that the salary of the Recorder had been fixed at $600 per annum in 1894, and two different recorders had thereafter been elected and paid that compensation; that on the day next after complainant's election the Board of Mayor and Aldermen passed a resolution that the salary of the Recorder for the ensuing term of two years should be $500 per annum, that this resolution was not in force when complainant was elected, and that the board had no right or power to change the salary after the complainant had been elected to the office.

It is further alleged that there was an ordinance of the city which provided that the Board of Mayor and Aldermen, at their first meeting after qualification in each year, and before any subordinate officers should be elected, should fix by ordinance the salaries to be paid to such officers,

which should not be increased or diminished during their term of office. The bill further avers that the term of office began on the first day of April, notwitstanding the complainant was not inducted into it until the 2d.

Complainant further avers that he made demand for his salary at the rate of $600 per year, but the Board refused to pay it, and informed him that if he was not satisfied with the salary as fixed at $500 he could resign, but that, being a poor man, with a family to support, he could not afford to do this, and so accepted payment under protest at the rate of $500 per annum, or $41.66 per month.

In an amended bill he avers that the charter of Johnson City was granted by the General Assembly in 1893, and that it provides that the Board of Mayor and Aldermen on the first Monday in April, 1894, elect a Recorder, and for each second year thereafter, whose term should be two years, and that the salaries and fees of officials shall be fixed by the Board, but that the salaries and fees of the Recorder should not exceed $1,200 per annum in the aggregate; that the Board passed a code of laws which provided that it should, at the first meeting after their qualification and election, elect a Recorder to serve for two years, and that the Board at its first meeting after qualification in each year, and before any subordinate officers are elected, shall fix

the salaries of the officers, which salaries shall not be increased or diminished during the term of the incumbent. Copies of these ordinances are attached as exhibits to the bill.

It is alleged that the failure of the Board to fix any salary for complainant before his election, showed it be the intention and purpose to allow the salary then existing to remain unchanged during his term. It appears from the bill and exhibits that on the 4th of April, 1894, the salary of the Recorder was fixed at $600 per annum, that the complainant was elected April 1, 1896, that on the 2d of April, 1896, the salary was fixed at $500 per annum, and that after the change the complainant accepted the office and was inducted into it and qualified and served during the term, and received the compensation at the rate of $500 per annum under protest.

The first assignment of errors is as to the technical language of the demurrer, which is that the Board of Mayor and Aldermen under the charter and ordinance had the authority and power to fix the fees and salaries of all officials elected or appointed by the Board, it being the duty of each Board, under the ordinance set out, to fix the compensation of its own appointees, and having fixed the compensation at $500 per annum, complainant is bound by it, and, second, that having accepted payment at that rate, he is estopped from claiming more.

The first ground of demurrer is somewhat ambiguous and capable of two different constructions, but we are of opinion it sufficiently raises the question of the legality of the action of the Board which is complained of.

There is a contradiction between the charter of the city and its ordinances in this, that the ordinance provides that the Board of Mayor and Alderman shall, at its first meeting after the election and qualification, fix the salaries of officers by ordinance, while the charter provides that all ordinances shall be read three times on three different days before they become laws. It is evident that the word "ordinance," as used, was intended to be synonymous with "resolution," and the exhibits filed with the bill show that previous to the election of complainant the incumbent's salary had been fixed by motion or resolutions in open Board.

If it be insisted that the Board should at its first meeting fix the salary by ordinance, then it is evident this has not been done, and the complainant cannot recover upon this theory; and if it be contended that the former salary was continued, complainant is confronted by the provision that each Board should fix the salaries of its own officers by ordinance. It is, we think, evident, or may fairly be presumed, that the meeting of the 2d of April was but an adjourned or continued meeting from the 1st, as regular, periodical meetings of the Board would not be held so near

together. The charter provides that the regular meetings of the Board should be held on the first and third Thursdays of each month, and the bill does not aver that these two meetings on the 1st or 2d of April were regular meetings or separate sessions. We conclude that the fixing of the Recorder's salary in 1894 did not have the effect of a formal ordinance or law; that it was a substantial compliance with the general ordinance requiring the salary to be fixed in advance of the election, that it should be fixed before the party elected had qualified and been inducted into office, and, as was done in this case, within twenty-four hours after the election. The salary having been thus fixed, as we think, substantially correctly, and the complainant having afterward qualified, been inducted into office and having continued therein and received the salary of $500 per annum, is estopped to claim more.

We are of the opinion there is no error in the decree of the Court of Chancery Appeals, and it is affirmed.