## CITY OF CORINTH *v.* SHARP.

[65 South. 888—64 South. 379.]

1. MUNICIPAL CORPORATIONS. *Organization. Code* 1906, *section* 3004. *Applicability. Ordinances. Enactment. Constitution* 1890, *section* 53-71. *Validity. Proof of passage.*

   Under Code of 1906, section 3404, providing that the chapter on municipalities shall not apply to any existing municipality to which the law did not apply in 1892, unless adopted by a vote of the electors, the general municipal statute relating to the passage of ordinances do not apply to the city of Corinth, which under its charter (Acts 1884, chapter 403), was given special authority to enact ordinances.

2. MUNICIPAL CORPORATIONS. *Ordinances. Constitution* 1890, *section* 53-71.

   Constitution 1890, section 53-71, providing for the recording of the ayes and nayes on questions and requiring all bills to have titles does not apply to municipal ordinances but only to acts of the legislature.

3. MUNICIPAL CORPORATIONS. *Ordinances. Validity.*

   An ordinance of a municipality, which fully expresses its purpose and was enacted under a special charter, which authorized the city council to make and establish rules for its own government and to appoint the time for its meetings, is not invalid because it was not numbered, or because there was no title; or because the records did not show that it was reduced to writing and passed by a yea and nay vote, where it was undoubtedly adopted by a majority of the council.

4. MUNICIPAL CORPORATIONS. *Ordinances. Validity.*

   It was no valid objection to a municipal ordinance because it was not shown to have been published, where there is no provision in the charter requiring the publication of ordinances.

5. MUNICIPAL CORPORATION. *Ordinances. Validity. Proof of passage.*

   Where the proof in a case contains an extract from the minutes of the city, which were duly signed by the city clerk and the clerk and the charter gives the council the authority to appoint a clerk to register its proceedings and ordinances and it appears that the ordinance was duly registered by the clerk, and the copy from

the book where the ordinance is recorded plainly shows that it was adopted, the time of its passage, and the page of the record. Its enactment and record was sufficiently established.

APPEAL from the circuit court of Alcorn county.

HON. CLAUD CLAYTON, Chancellor.

Will D. Sharp was charged with a violation of an ordinance of the city of Corinth, and on the hearing in the circuit court he was acquitted; the ordinance under which he was tried being held to be invalid, and the city appeals.

The facts are fully stated in the opinion of the court.

*Lamb & Warriner,* for the appellant.

We respectfully submit that there is only one important question involved in this appeal, and that is, regarding the caption or title to the ordinance; in other words, Does sec. 71, of the Constitution of Mississippi, apply to ordinances adopted by the governing bodies of municipalities?

So far as we have been able to ascertain, this exact question has not been answered by this court, but the courts of other states have held, we believe without exception, that Constitution provisions of this kind do not apply to municipal ordinances. In the case of *Richards* v. *Town of Magnolia,* 100 Miss. 249, as well as in many other Mississippi cases, the court has had occasion to discuss the question of titles to ordinances. But we do not think these cases are in point here for the reason that the municipalities, whose legislation was involved, were governed by the general state law, and not by a special charter. Before citing authority in support of our views of the law relating to this question we wish to discuss briefly the case of *Sample* v. *Verona,* 94 Miss. 264, because it seems that it was on account of this decision, that the court below held the ordinance to be invalid. In the *Sample case* this court held that section 71 of the Constitution was mandatory, and not merely

directory, regarding laws passed by the legislature. The argument was made, as is shown by brief of counsel in the *Sample case*, that section 71 is merely directory. In answer to this argument, Judge WHITFIELD, who wrote the opinion of the court, said: "In respect to constitutional provisions of this kind it is said in 26 A. & E. Enc. of L. (2nd Ed.), page 572: 'In Ohio the peculiar doctrine is maintained that the provision is merely directory to the legislature, giving the courts no power to declare an act invalid because violative thereof, and the California court held the same way under a former Constitution of that state. But it is somewhat difficult to conceive how any expressed constitutional limitation on the power of the legislature can be regarded as directory only, and certainly such provisions are everywhere else deemed to be mandatory, requiring the courts to pronounce all statutes invalid in violation thereof. Manifestly the provision of our Constitution is mandatory in this regard; and so, also, is section 3406 of the Code of 1906 as to municipal ordinances.' "

The court in the Samples case does not say that section 71 of the Constitution applies to municipalities. But does say that section 3406 of the Code applies to municipalities. We are not interested in section 3406 of the Code because it does not apply to Corinth as we will hereinafter point out. Certainly this court would not have held that section 71 of the Constitution applies to municipalities without even mentioning a large number of cases from other courts holding to the contrary, cases containing similar constitutional provisions. We know, of course, that this court does not have to follow the courts of other states, but at the same time we do not believe that this court would decide a case directly contrary to the great weight of authority without so much as even referring to such authority.

This question of titles to municipal ordinances is discussed in 28 Cyc. 378, where it is said: "The provision

commonly found in the legislative article of recent state Constitutions that no bills shall be passed containing more than one subject which shall be clearly expressed in the title, has been consistently construed by the courts to have no application to municipal ordinances and by-laws. Unless, therefore, there is some charter or statutory provision requiring it, no title need precede an ordinance; or if a title is superscribed, an error in it will not vitiate the ordinance; nor will duplicity in the body of the ordinance invalidate it.''

There is a large number of cases cited in support of the text in note 86, page 378, 28 Cyc. We called special attention to the case of *City of Tarkio* v. *Cook,* 120 Mo. 1, 41 Am. St. Rep. 678. In this case the court says: ''The constiutional provision that no bill shall contain more than one subject, which shall be clearly expressed in its title (Const. Art. 4, sec. 28), of which it is claimed the ordinance in question is violative, was intended to apply only to state legislation, and has no application to ordinances of this city. The article treats exclusively of the legislative department of the state, and the first section declared: The legislative power, subject to the limitations herein contained, shall be vested in the Senate and House of Representatives, to be styled the General Assembly of the State of Missouri. Municipal legislation is thus clearly excluded. 1 Dillon on Municipal Corporations, section 47.''

In the note at the top of page 684, 41 Am. St. Rep. it is said that constitutional provisions relative to the title of laws passed by the legislature do not apply to city ordinances. *People* v. *Wagner,* 24 Am. St. Rep. 141; *State* v. *Baoile,* 21 Am. St. Rep. 413. An exhaustive note on this subject is found at page 192 of 24 (1912-C) A. & E. Ann. cases, and we respectfully invite the court's attention to the same.

Other decisions supporting our contention could be cited but we will not burden this brief with them. We

have not found any case wherein it is held that a constitutional provision of this kind applies to municipalities. We come now to the sectons of the Code, 3404, 3405, 3406 and 3407, which the court below held to be applicable to ordinances of the city of Corinth. All we wish to say in this regard is that Corinth does not operate under the Code chapter on municipalities, but operates under a special charter. This being the fact, these sections cannot apply to Corinth because they are . not enumerated in section 3441 of the Code of 1906, or in Acts 1910, where those sections of the Code which apply to all municipalities in the state are enumerated.

At pages 352 and 353 of 28 Cyc. a discussion of the subject of enactment of municipal ordinances is found. It is there said: "Municipal bodies usually adopt or recognize parliamentary law as their rules of order and proceedings. Yet the courts, unless prositively required by express statutory provision, will not annul or invalidate an ordinance enacted in disregard of parliamentary rules, provided the enactments are made in the manner required by these statutes." Non-compliance with merely formal requirements in the manner of enacting an ordinance is generally considered by the courts as no grounds for declaring it void. Indeed any form of words signifying clearly the will of the governing body that a by-law exists which the corporation was competent to enact, has been held to be sufficient. But this will not be so held when matters of substance are ignored or disregarded by the body. Yet every reasonable intendment of record will be made by the courts in order to give validity to an ordinance which is within the municipal powers.

"Defects in the form of the enacting clause have often challenged the attention of the court with an almost unanimous modern tendency to support the ordinance, '*ut magis val eat quam perat?*' In a few cases judgment has gone against an ordinance because the enact-

ing clause was wholly lacking or actually defective in recitals. But the very great weight of authority favors the ignoring of formal defects and the sustaining of by-laws wherever implication and presumption will permit, without violating any recognized rule of law." Publication for ordinance. Since there is no statute or charter provision requiring ordinances of the city of Corinth to be published we do not think there is any merit in the holding of the court below that the ordinance in question should have been published. Regarding the publication of ordinances it is said in 28 Cyc. 359: "The courts of America hesitating between the common-law doctrine that neither writing nor publication is necessary to the validity of a municipal ordinance, and the intuitive and reasonable aversion of a free people to considering as law anything not generally known or officially formulated and promulgated, have brought the law on publication of ordinance into confusion and discord that seems irreconcilable. In the absence of any statutory requirement, the prevailing doctrine seems to be that publication is not an essential requisite of a valid ordinance, but that it may be enforced before publication or without it, but not without vigorous dissent and protest from courts of repute, especially where the ordinance is penal. And even when publication is prescribed, it has been held that the statutes are, merely directory although the weight of authority is that they are mandatory. In some instances this difference of holding is attributable to the phraseology of the statutes; while in others the severity of the penalty seems to have influenced the courts. We respectfully invite the attention of the court to the cases cited in note 19, page 359 of 28 Cyc.

The ordinance is valid in every respect because it is not governed by the constiutional provision herein discussed nor by any of the Code sections. Since Corinth operates under tis own special charter these Code sec-

tions cannot apply. We submit that the court below erred in not allowing this ordinance to be introduced in evidence.

*E. C. Sharp,* for appellee.

As the record in this case stands, we think that the case of *Richards* v. *Town of Magnolia,* 100 Miss. 249, warrants the affirming of this decision. It is contended in the brief of appellant that Corinth operates under a special charter chapter CCCCIII of the Acts of 1884, but nowhere in the record is it shown that the city of Corinth did not come under the Code chapter as provided for by the Code of 1892.

In the *Richards case, supra,* the court said: "If any municipality failed to do this (decline to come under the Code chapter on municipalities of the Code of 1892), it became subject to the Code laws. Nothing in this record shows that the town Magnolia declined to come under the Code chapter, and this court will presume, in the absence of such showing, that the town is under the general law of the state."

The record in this case is in the same attitude and the court will indulge in the presumption, there being no evidence to the contrary, that the city of Corinth is under the general law of the state. The other question raised herein has been passed upon so often by this court and it has been decided each time that the statutes in regard to the enactment of ordinances by muicipal boards were mandatory, that I do not care to go into a discussion of those cases. And under the record before the court we respectfully submit that the judgment of the lower court should be affirmed.

Reed, J., delivered the opinion of the court.

An affidavit was made before the mayor of the city of Corinth charging appellee with assault and battery, in violation of an ordinance of that city. On the hearing

in the circuit court, the ordinance which appellant was charged with violating was held invalid, and he was acquitted.

We give below the entries on the minute book of the city of Corinth for the year 1899, showing the passage of the city ordinance in question:

"Minutes City of Corinth, June 5, 1899, page 65.   Mayor's office, Corinth, Miss., June 5th, 1899.

"The board met in regularly monthly session, called to order by Mayor Henry.   President: T. E. Henry, mayor, C. W. Burgess, R. B. Hollingsworth, Dr. T. Borroum, aldermen.

"June 5, 1899, page 69.

"Be it ordained by the mayor and board of aldermen of the city of Corinth that it shall be unlawful for any person to commit an assault or an assault and battery upon another within the incorporate limits of the city of Corinth; and any person violating this ordinance shall be guilty of an offense against said city and shall be fined in any sum not exceeding fifty dollars for each offense, and shall stand committed until fine and costs are paid.

"June 5, 1899, page 77.   (Minutes signed by)

"T. E. HENRY, Mayor,

"S. L. WARD, Clerk."

Appellee objected to the introduction of the ordiance and assigned the following reasons therefor:

"(1)   There is no number to the ordinance.

"(2)   There is no caption or heading to the ordinance.

"(3)   Because it does not show that it was first reduced to writing and passed by a yea and nay vote.

"(4)   Because it was never published.

"(5)   Because the book in which the ordinance or purported ordinance was spread does not recite the time of passage, nor does the minute book show the adoption of the ordinance and the page thereof."

The record in this case shows an agreement by counsel that the city of Corinth operates under a special charter,

and not under the Code chapter of this state on municipalities. The charter is contained in the act of the legislature of Mississippi passed March 12, 1884, and is chapter 403 of the Laws of 1884.

It is contended by appellee, that the formalities for the enactment and record of ordinances by municipalities provided in sections 3404, 3405, 3406, and 3407 of the Code of 1906 were not complied with when the ordinance was passed. It will be seen that the objections to the ordinance are in the main, based upon the provisions of the above sections.

Appellee is wrong in this contention. The code chapter on municipalities does not apply to the city of Corinth. See section 3440, Code of 1906; section 3035, Code of 1892. It was not necessary for the mayor and board of aldermen of the city to follow the requirements of the sections referred to in enacting the ordinance. The city of Corinth received its power for local self-government, including the authority to enact by-laws, ordinances, and local laws from its charter granted by the act of the legislature. We quote from the charter (chapter 403 of Acts of 1884) to show the power delegated by the legislature relating to the city's government and to the making of necessary rules and laws:

"The legislative and contracting power of said city of Corinth shall be vested in the city council, composed of the mayor and aldermen, with power to make and establish rules for its own government; to appoint the time of its meetings, and the manner of being convened in special meetings, . . . to appoint a city clerk to register its proceedings and ordinances; . . . to ordain all needful laws and regulations for preventing and suppressing disorderly conduct in individuals, and unlawful assemblies within said city. . . . The said mayor and aldermen in council shall have power to enact all ordinances and by-laws, not inconsistent with the laws of this state, or of the United tates, which may be necessary and

proper to enforce the powers delegated to them by this charter; also to prescribe in said ordinances such fines and forfeitures for violations of said laws and ordinances as they may deem expedient not exceeding fifty dollars for each offense, and imprisonment not exceeding ten days for a single offense, and all such ordinances to repeal, or modify at pleasure.''

There are no rules given in the charter specifying the mode for the enactment of ordinances. The legislature, in the charter, granted to the city the power to adopt its own rules for its own procedure and its own government. There are no limitations placed on the city in this respect. There are no prescribed formalities.

It is argued by appellant that the ordinance did not comply with the requirements of section 55 of the state Constitution, providing for the yeas and nays on questions, and section 71, requiring a bill to have a title indicating clearly the subject-matter of the proposed legislation. These constitutional provisions have no application to municipal ordinances. They are limited to state legislation. Dillon on Municipal Corporations (5th Ed.), sec. 72; *People* v. *Wagner,* 86 Mich. 594, 49 N. W. 609, 13 L. R. A. 286, 24 Am. St. Rep. 141.

We take the following from 28 Cyc., p. 378, on the effect of constitutional provisions:

''The provision commonly found in the legislative article of recent state Constitutions that no bill shall be passed containing more than one subject, which shall be clearly expressed in the title, has been consistently construed by the courts to have no application to municipal ordinances and by-laws. Unless therefore there is some charter or statutory provision requiring it, no title need precede an ordinance; or, if a title is superscribed, an error in it will not vitiate the ordinance; nor will duplicity in the body of the ordinance invalidate it.''

The municipal board was given the power by its charter to adopt its own rules of government; it is not shown

107 Miss. 45

in the record of this case that any rules were adopted. The proof is wholly silent regarding this. However, if there were rules for procedure not fully followed, "a mere failure to conform to parliamentary usuage will not invalidate the action when the requisite number of members have agreed to the particular measure." McQuillin on Municipal Ordinances, par. 115. The same author, in the same paragraph of his excellent treatise on the Law of Municipal Ordinances, says:

"The action of municipal bodies exercising legislative functions should not be overthrown upon technical rules or strict construction of parliamentary law where the facts of such action can be gathered from the record."

Continuing, he says:

"In reference to the action of county boards, the supreme court of Wisconsin has timely observed: 'It will not do to apply to the orders and resolutions of such bodies nice verbal criticism and strict parliamentary distinctions, because the business is transacted generally by plain men not familiar with parliamentary law. Therefore their proceedings must be liberally construed in order to get at the real intent and meaning of the body.' In like manner liberal construction is often applied to the action of councils in enacting ordinances."

"The mayor and councilmen, or other officers of a municipal corporation, are not usually selected because of their learning in the law, their observance of its forms, or their instruction in fine distinctions. If their action is to be subjected to rigid criticism, much of it done in good faith, and in the spirit of their defined authority, would be avoided. *Woodruff* v. *Stewart,* 63 Ala. 206, 215."

In 28 Cyc., pp. 352 and 353, we find the following regarding formal requisites in the enactment of an ordinance:

"Noncompliance with merely formal requirements in the manner of enacting an ordinance is generally consid-

ered by the courts as no ground for declaring it void. Indeed, any form of words signifying clearly the will of the governing body that a by-law exists which the corporation was competent to enact has been held to be sufficient. . . .   But the very great weight of authority favors the ignoring of formal defects, and the sustaining of by-laws wherever implication and presumption will permit, without violating any recognized rule of law.''

No particular form is prescribed in the charter of Corinth for expressing an ordinance.  The form in this case clearly indicates the terms and objects of the ordinance. In an early New Hampshire case, *Lisbon* v. *Clark*, 18 N. H. 234, the record showed the ordinance or local law by the statement that it was ''voted, to collect fines of one dollar of all persons riding or driving across the village bridge or salmon-hole bridge, faster than a walk, agreeably to an act passed January 13, 1837.''   In approving the form of this law, the court said:

''No particular form was prescribed by the statute in which the law should be engrossed, and there seems to be no law or custom restraining the towns from selecting such form of expression as suits them provided enough be contained to signify their will that the by-law exists, and to indicate the terms of it, and the objects to which it should apply.''

The ordinance in the case at bar expresses fully its purpose.  It states with clearness the misconduct condemned, makes it an offense against the city when committed within its limits, and prescribes a definite punishment.  Its very words, ''be it ordained by the mayor and board of aldermen of the city of Corinth,'' shows it was enacted by the city council, vested with authority by the charter to enact such law for proper government.

We see no merit in any of the grounds in the objection interposed by appellee.  The numbering of the ordinance and the placing of a caption or heading thereon, the reducing to writing and passing by a yea and nay vote, are

formalities, not required by the charter, nor by any statute, nor by any rule, applicable. The failure to do these things will not invalidate the ordinance in this case.

Nor do we see any valid objection to the ordinance because it was not shown to have been published. There is no provision in the charter requiring the publication of the ordinance. Mr. Dillon, in his Municipal Corporations (5th Ed., vol. 2, sec. 603), says:

"In the absence of a statutory or charter provision directing that ordinances be published before they take effect, no publication is necessary, and ordinances take effect immediately without it."

This text is supported by the decision in the case of *In re Guerrero,* 69 Cal. 88, 10 Pac. 261.

The proof in this case contains an extract of the minutes of the city, which were duly signed by the city clerk. The charter gives the council the authority to appoint a city clerk to register its proceedings and ordinances. It appears that this ordinance was duly registered by the clerk. The copy in this case from the book where the ordinance is recorded plainly shows that it was adopted, the time of its passage, and the page of its record. Its enactment and record is sufficiently established.

We do not find that there has been any violation of any provision of the charter, or of any statute, or law, in the enactment of the ordinance. The court erred in sustaining the objection interposed to the introduction of the ordinance. It should have been admitted in testimony.

*Affirmed.*