CHINN *et al. v.* CITY OF BILOXI.

(Division B. Sept. 26, 1938.)

[183 So. 375. No. 33298.]

**Doty & Doty,** of Biloxi, for appellants, M. L. Michel and Laura V. Lawrence.

Leathers, **Wallace & Graves,** of Gulfport, and **F. W. Elmer, Jr.,** of Biloxi, for appellants, St. Paul Mercury Indemnity Company and R. Hart Chinn.

**Ford & Ford,** of Pascagoula, for appellee.

Argued orally by **P. D. Greaves**, for appellant, and by **J. I. Ford**, for appellee.

**McGehee, J.,** delivered opinion of the court.

The appellee, City of Biloxi, Mississippi, which operates under the commission form of government, brought this suit in the chancery court of Harrison County to recover certain sums of money alleged to have been received by the appellants, R. Hart Chinn, Mayor of the City of Biloxi, for an unexpired term of office, beginning in August, 1933, and ending on January 6, 1935, and M. L. Michel, a City Councilman, who served during said period as Finance Commissioner, Clerk and Tax Collector, and Miss Laura V. Lawrence, a clerk in the office of said Tax Collector. The bill of complaint alleges that certain sums of money were received by these appellants upon warrants illegally issued, and all of which were signed by the said R. Hart Chinn as Mayor; and the suit is also against the appellant, St. Paul Mercury Indemnity Company of St. Paul, Minnesota, as surety on the official bond of R. Hart Chinn, conditioned for the faithful performance of all and singular the duties of his office. The sureties on the official bonds of the appellants, M. L. Michel and Miss Laura V. Lawrence, were not made parties to the suit. A plea of nonjoinder as to these sureties was filed by the appellant, St. Paul Mercury Indemnity Company, and was by the chancellor overruled. The decree of the court below, in overruling this plea of nonjoinder, and in striking the several answers of the appellants to the bill of complaint, on the ground that they set up no defense thereto, is complained of as error on this interlocutory appeal, which was granted by the chancellor to settle the controlling principles of law involved in the case.

The bill of complaint alleged that the said R. Hart Chinn and the two Councilmen of the City of Biloxi were each entitled to receive as compensation for their official services only the sum of $200 per month from and after July 5, 1932, by order entered on that date on the minutes of the city council; and that at all times during her em-

ployment, as clerk in the Tax Collector's Office, the said Miss Laura V. Lawrence was entitled to receive for her services only the sum of $100 per month, as fixed by an order duly entered on the minutes of the said Mayor and Board of Councilmen, but that the said R. Hart Chinn and M. L. Michel paid to themselves the sum of $1,125 and $2,200 respectively, upon warrants signed by the said R. Hart Chinn as Mayor, and to Miss Laura V. Lawrence the sum of $350, in excess of the amount to which they were entitled under the orders appearing on the minutes as hereinbefore mentioned. The answers of all of the appellants admitted the adoption and entry of the orders on the minutes relative to their salaries or compensation, but the answers of the appellants, Chinn and Michel, as well as that of the St. Paul Mercury Indemnity Company, set up as a defense to the right of the City of Biloxi to recover these excess payments made to Chinn and Michel, the fact that an ordinance was duly adopted by the Mayor and Councilmen and approved by the city electors in January, 1927, fixing the salaries of the said Mayor and Councilmen at the sum of $275 per month, and plead the invalidity of the order of July 5, 1932, as an ineffectual attempt to reduce such salaries for the reason that, as they contend, it was provided in Chapter 224 of the Laws of 1932 that where the salaries of such officers have been previously fixed by an ordinance and ratified by an election held for that purpose, the Mayor and Councilmen were given the right to reduce their salaries only by an ordinance entered on the minutes of the municipality. The answer of the appellant, Miss Laura V. Lawrence, admitted payment to her of the $350 in excess of her salary fixed by an order on the minutes of the City Councilmen, but claimed that the same was paid for extra services rendered outside of her regular office hours required as clerk in the Tax Collector's Office. However, it appeared from the proof heard by the chancellor, under the plea and answers, that no contract was entered on the minutes in regard to such extra services,

and it was shown that all of the excess payments made to each of the appellants were not approved and allowed by any order of the City Council, but that the same were made by the appellants, Chinn and Michel, without the knowledge and consent of the other Councilman, Mr. Swanzy.

Section 96 of the Constitution of 1890, as construed in Clark v. Miller, 142 Miss. 123, and 105 So. 502, is invoked to show that the allowance for extra compensation of Miss Laura V. Lawrence was unauthorized by law, as being for services rendered after contract made. However, the extra compensation was not paid for services rendered under her contract of employment, but was for services rendered in addition thereto. Nevertheless, the allowance was unlawful under the authority of the cases of Town of Woodville v. Jenks, 104 Miss. 184, 61 So. 172; Kidder v. McClanahan, 126 Miss. 179, 88 So. 508, which expressly hold that in the absence of a contract with or an order of the board providing for the same, an employee of a municipality is not entitled to compensation for extra services. It appears that the extra services were rendered pursuant to an alleged oral agreement between the Mayor and Councilman to the effect that either of them might employ additional help in their respective departments.

The liability of the appellants, Chinn and Michel, as well as that of the surety company here involved, for the excess payments received by them, is to be determined by the construction to be placed on Chapter 224, Laws of 1932, providing that the Mayor and Commissioners of a municipality may reduce their salaries, after they have been fixed by law and ratified by an election held for that purpose, by an ordinance entered on the minutes of the municipality, and without an election. The question is whether the word "ordinance" shall be given a liberal or a technical construction. It will be noted that the provision of the Act in question does not require that the salaries be reduced by an ordinance duly pub-

lished, and then enrolled in the ordinance book, but merely by an ordinance entered on the minutes of the municipality. An ordinance, in its ordinary sense, is required to be published and thereafter enrolled in the ordinance book, in order to be effective. It will be further noted that in the Code chapter on municipalities, the term "ordinance" and "order" are frequently used interchangeably. For instance, Section 2539, Code of 1930, provides that "all expenditures of money, for any purpose whatever, shall be in pursuance of a specific appropriation made by order, and in no other manner." Section 2540, Code of 1930, immediately following, provides that "every warrant drawn on the treasury shall express on its face to whom issued, and for what purpose allowed; and the ordinance authorizing its issuance shall be cited, by minute book and page, in or upon it." Words and Phrases, First Series, Volume 6, page 5026, states that an " 'ordinance' is the generic term for acts of council affecting the affairs of corporations, and a resolution is only a less solemn or less usual form of an ordinance. Fuller v. City of Scranton, 1 Pa. Co. Ct. R. 405, 407." In Chandler v. Town of Johnson City, 105 Tenn. 633, 59 S. W. 142, it was held that "the term 'ordinance' as used in a city charter which required the board of mayor and aldermen at its first meeting after the election and qualification to fix the salaries of officers by ordinance, should be construed as synonymous with 'resolution,' so that an officer is bound by a resolution passed by the board fixing his salary." In the case of the Town of Tipton v. Norman, 72 Mo. 380, it was held that "where the powers conferred on a town are to be exercised by ordinances to be passed by the town council, an order or resolution adopted by the council and entered on its records, held, in point of form, a valid exercise of the power." Under the subject of ordinances in 43 C. J. 520, we find this statement or definition: "Where the Legislature has not prescribed any particular form for an ordinance, the municipal bodies may use any form of expression which

suits them, provided it is sufficient to signify their will that the ordinance should exist, and indicate the terms of it and the objects to which it applies.'' Citing, among other authorities, a Mississippi case found in City of Corinth v. Sharp, 107 Miss. 696, 65 So. 888. See, also, Kennington v. Hemingway, 101 Miss. 259, 57 So. 809, 39 L. R. A. (N. S.), 541, Ann. Cas. 1914B, 392; City of Corinth v. Sharp, 65 So. 888, 107 Miss. 696. While there is some authority supporting the contention of appellants, we are of the opinion that the action of the Mayor and Councilmen in placing the order on the minutes of July 5, 1932, signifying their desire and purpose to exercise the power conferred by Chapter 224 of the Laws of 1932 of reducing their salaries to the sum of $200 per month, and in thereafter evidencing such intention by accepting a warrant each month for this amount until September, 1934, constituted a substantial compliance with the provisions of the Act, and was sufficient to effectuate the reduction of their salaries; that since the word ''ordinance'', as used in the Act, did not contemplate an ordinance to be published, and then enrolled in the ordinance book, the act of recording the reduction in salary on the minutes of the board was a sufficient ''ordinance'' within the meaning of the Statute. We would not be understood as saying, however, that the entry of an order on the minutes is a sufficient compliance with the provision of a statute which contemplates that a thing may be done only by an ordinance duly adopted, published and enrolled, rather than merely entered on the minutes.

For the reasons above stated, it is neither necessary to review the authorities under which the court below held that the appellants were estopped from claiming and receiving the additional compensation, after previously accepting and cashing warrants each month for a long period of time in the amount fixed by the order appearing on the minutes, nor to decide the issue of estoppel on which the court below, in part, predicated its decree.

The remaining question for decision is whether the

chancellor erred in overruling the plea of nonjoinder as to the other sureties. We think not, for the reason that the appellant, Chinn, and the surety company on his official bond, are jointly and severally liable, along with Michel and Miss Lawrence, for the illegal payments made to them respectively upon warrants signed by Chinn as Mayor, and that the appellee was not required to sue all of the sureties on this joint and several liability. Security Mutual Life Insurance Company v. Brunson, 176 Miss. 893, 170 So. 824.

We are therefore of the opinion that the decree of the chancellor was correct in overruling the plea of nonjoinder, and also in striking the answers of the appellants, as constituting no defense to the claim of the appellee for the sums received by them in excess of the salaries then in force, as fixed by the orders on the minutes of the board; but we do not now pass on the question as to whether the denials contained in the answers constituted a sufficient defense against the claim of the city for the cost of the audit and a 20% attorney's fee, since our attention is not called to any authority on which the claim is based, and the point has not been argued or briefed.

Affirmed and remanded.