## LAFAYETTE MITCHELL v. B. M. TUBB.

[65 South. 216.]

1. CODE 1906, SECTION 1983.  *Taxation.  Sale of land.  Presumptions. Prima facie evidence.  Pleading.  Bill of particulars.*

Under Code 1906, section 1983, so providing a conveyance made by tax collectors to an individual purchaser of land at a sale for taxes, and the list of lands sold to the state at such sale, are *prima facie* evience that the assessment and sale of the land was legal and valid, and where there is a valid existing law providing for the taxation and sale for delinquent taxes where the land in question is sold to the state, the list of lands sold to the state and introduced to support plaintiff's title was *prima facie* evidence that the land was assessed and sold under such valid existing law, notwithstanding the existence of another act providing for the assessment and sale of land for taxes, which was thereafter repealed and declared unconstitutional.

2. PLEADING.  *Bill of particulars.  Evidence.*

Where plaintiff, in ejectment, claimed through a tax deed, defendant was not required to amend his bill of particulars showing his chain of title, in order to prove that the taxes for the nonpayment of which the sale in question was made, had been levied under an unconstitutional act, to show the invalidity of plaintiff's claim.

3. PLEADING.  *Bill of particulars.  Code 1906, Section 1827.*

Section 1827, Code 1906, providing for a bill of particulars in an action of ejectment, contemplates only that either party shall inform the other, when requested so to do, of the evidence documentary or verbal, by which he expects to establish his own title or rather, of the deed or other sources of title through which he claims and not that he shall inform the other party of evidence which he will introduce in order to show the invalidity of one deed or the source of title through which such other party claims.

APPEAL from the circuit court of Monroe county.
HON. J. H. MITCHELL, Judge.

Suit by B. M. Tubb against Lafayette Mitchell.  From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Pain & Pain,* for appellant.

We submit first that the general laws for assessment and collection of taxes and sale under said assessments during the years 1889, 1890, 1891 and part of 1892 was the so-called Madison Act as passed by the legislature of 1888 and found in the Laws of 1888, on page 24. That said act repealed all former assessment laws and that this general assessment law was not repealed or changed by the legislature in 1890 and was not in fact repealed until 1892. That this Madison Act of 1888 is unconstitutional and void and any assessment made under it, and any sale under it, for taxes is void and invalid and passes no title. That this act was not declared unconstitutional by the supreme court until in 1900. That this court will take judicial knowledge of these acts and laws without the same being plead by the defendant. That the assessor of taxes and the board of supervisors are presumed to make all assessments and levy all assessments under the then existing general law of assessments. That the assessor of taxes and the board of supervisors are mere executive officials in this respect and are not judicial officers. That the court in this case will presume that the assessor and the board of supervisors assessed the taxes in this case under the Madison Act, the then existing general assessment law in the absence of any proof to the contrary.

The plaintiff showed in his evidence that this land was sold in the year 1892 for the taxes of 1891 and introduced no proof that the sale was made under any special or local act of the legislature. Therefore the court will presume that this sale of the land was made under the Madison Act and sale is therefore void and invalid and, of course, therefore gives no title, hence, whatever *prima facie* case plaintiff made out, by the introduction of his tax deed and list of lands sold to the state, was rebutted by the fact that he showed, in addition, that this sale was made under the unconstitutional Madison Act and that his tax deed was worthless and void.

The cases of *Coffee* v. *Coleman*, 85 Miss. 14 and *Butts* v. *Ricks*, 28 Miss. 533, have no bearing or throw no light upon the question at bar and are not decisions in support of the appellee.

Plaintiff, in his suit of ejectment, must recover, if at all, upon the validity of his own title and not on the weakness of defendant, who is shown to be in possession of the land. *Hawkins* v. *Mangum*, 78 Miss. 97; *Scarborough* v. *Elmer*, 87 Miss. 508; *Eastland* v. *Lumber Company*, 90 Miss. 334; *Hammer* v. *Yazoo, etc. R. R. Co.*, 56 So. 466; *Duke et al.* v. *Clark et al.*, 58 Miss. 465; *J. Davaney* v. *Koon*, 45 Miss. 71; *Revenue Agt.* v. *Tonella*, 70 Miss. 701; *Ray, Executor* v. *Doe*, 10 S. & M. 461; 16 Cyc., letter "C" and authorities, 1076; 10 L. R. A. (N. S.); *Railroad* v. *Shannon*, U. S. S. C. Digest 689, sec. 47, page 4196; *Day* v. *Smith*, 87 Miss. 406-409; *Coffee* v. *Coleman*, 85 Miss. 145; Laws of 1888, page 183; *Scharborough* v. *Elmer*, 87 Miss. 508; *Butts* v. *Ricks*, 82 Miss. 533; *Gregory* v. *Brogan*, 74 Miss. 649.

We respectfully submit that the general law for assessing property, which was in force during the time that lands in controversy were assessed and sold, was the Madison Act of 1888; that this act is void and unconstitutional and a sale under it passes no title; that the court must presume that the assessor and the board of supervisors acted under said general assessment law, the Madison Act, in making the assessments; that, therefore, appellee, by showing that the land was sold in 1892 for taxes of 1891, by the introduction of the record from the chancery clerk's office of Monroe county, Mississippi, did rebut and destroy whatever *prima facie* case he made out by the introduction of the tax deed from the state; that, therefore, appellee failed to make out his case sufficient to require the appellant to make any proof. The burden of proof was then on appellee to show that this sale did not occur under this invalid and void general assessment law but occurred under some other and

different special or general law which appellee did not do.

Even though we may be mistaken in our position as above outlined, yet the court erred in not allowing appellant to reopen his case to show that the sale occurred under the Madison Act and erred in not allowing appellant to amend his bill of particulars so as to show that the sale of the lands took place under assessments made under the Madison Act.

We therefore submit that the case should be reversed and a judgment entered here for appellant.

*Leftwich & Tubb,* for appellee.

It will be observed that this action proceeded regularly under chapter 42 of the Code on ejectment, all in statutory form. Bills of particulars and abstracts of title were demanded by both parties and the demands responded to, and of course, the evidence of title was necessarily confined to the matters contained in the bills of particulars. Code of 1906, section 1827. The bill of particulars is an admission of record that the respective parties claim under the respective chains of title set out therein. *Gilliam* v. *Case,* 67 Miss. 588.

There is no suggestion anywhere in the bill of particulars that defendant below, represented as he was by astute and experienced lawyers, would contend or claim that the assessment was made under the alleged Madison Act of 1888. The cause went to trial on that state of the record, the jury was empanelled and sworn, the evidence *pro* and *con* was admitted and read to the jury and both parties closed the case. The court then granted a peremptory charge to the plaintiff, as he was bound to do, and at that late day, the defendant undertook to reopen the case, to set up that the assessment was made under the alleged Madison Act, unconstitutional, and therefore, the sale for taxes was void. This was an attempt palpably to go outside of the bill of particulars

and import into the record, facts which would destroy the plaintiffs case without giving plaintiff any notice whatever that such an attempt would be made. In his evidence defendant showed that he and those under whom he claimed had been in possession of the land in question for many years, but of course the state bought the land in 1892 and no statute of limitations could run against it, and Tubb himself did not buy from the state until the 27th day of March, 1912. The proof showed that Tubb had never been in possession of the land, but possession or occupancy is not necessary to effectuate a valid tax deed. *Lewis* v. *Griffin,* 60 So. 651, 103 Miss. 578.

But after the plaintiff had tried his case, after the case had been tried and closed, and judgment rendered by the court, without excuse or sxplanation of any sort and without extenuation for not doing so before, defendant attempted to amend his bill of particulars by pleading that the assessment was made under the alleged unconstitutional Madison Act, and therefore void. The court overruled the attempt to thus re-open the case, and we submit that the court could not, in justice, have done otherwise, for the plaintiff had no notice whatever that his title would be assailed at such a point, and no opportunity to adduce countervailing testimony, and his unpreparedness would have to at once overwhelmed him without any fault or any lack of oversight of his own. This attempt came too late, as the court has, time and time again, heretofore decided. *Leach* v. *Flynt,* 33 So. 496; *Richards* v. *Lee,* 45 So. 570, 91 Miss. 657; *Geoforth* v. *Stingley,* 79 Miss. 398; *Early* v. *Long,* 89 Miss. 285; 15 Cyc. 108.

As these authorities well establish, not only was the court eminently correct in disallowing the attempt to amend and the course taken has been approved time and time again, but as many times decided in declining to reopen the case, the court was acting strictly within the

bounds of discretion, and there is certainly no evidence here that he has abused his discretion. 15 Cyc. 108, and cases cited; *Dugan* v. *Chaplin,* 75 Miss. 441.

Plaintiff planted himself on his tax deed and the list of lands sold to the state with all the presumptions thereunder by section 1982 of Code of 1880, and of course, if defendant were going to assail the validity of the assessment as void, he should certainly have so stated in his bill of particulars, not only in fairness, but by the very terms of the statute, so that the plaintiff might have shown that the assessment was made under the valid statute of the Code of 1880. We hardly think anything could be more plain than that. So much for the necessity, on the part of the defendant, of keeping within the terms and conditions of his own bill of particulars.

But counsel in their brief invoke the presumption that the assessment of this land was under the void Madison Act, and, therefore, was illegally made. This is the fundamental voice of the argument of defendant's counsel in support of the motion. Counsel wholly ignore the force and effect of a presumption. Presumptions do not supply facts, and they merely make the proof of incidents and details unnecessary. In the recent case of *Caffy* v. *Tindall,* 56 So. 177, the lower court charged the jury as follows: The law presumes, and in the absence of evidence to the contrary, conclusively presumes, that Bill Caffy, if he was sane, knew that real estate would not pass under a nuncupative will. The court in holding this charge error, remarked: "In this action, the knowledge, or want of knowledge, on the part of testator, is a fact to be proven in the same manner that other facts are proven. The law does presume for some purpose that all persons know the law, but not for the purpose of supplying evidence of a fact material to the controversy." So here, the unconstitutonal Madison Act was on the statute books, and of course the assesor, the clerk and the board of supervisors could have

followed that act, though unconstitutional, in making the assessment, altho, in the lids of the Code of 1880, there was a valid assessment act which these officers should have followed; and yet the court is asked to presume that the officers follow the invalid act, and thus supply a fact that the defendant must have pleaded and proven to sustain his case, and to do this in the face of the want of either pleading or evidence. The presumption that all men know the law is no stronger than a presumption that an officer will do his duty, but no presumption can supply the evidence of an affirmative fact material to the controversy. Presumptions never do the like of that. *Fotheree* v. *Lawrence,* 30 Miss. 416; *Jones* v. *Rogers,* 85 Miss. 802.

We have already alluded to the fact that when the Madison Act was passed, there was a valid assessment law found in the Code of 1880, on which the assessment of 1883 and 1887 had been made, and on which all subsequent assessments should have been made, because the valid law could not possibly have been repealed by the unconstitutional law, a matter to which we will refer more at length later on, and we only make reference to that fact now to invoke a presumption that is destructive to defendant's motion. *Marshall* v. *Stevens,* 47 Am. Dec. 601; Sections 1982-1983-4332, Code 1880. Now, if counsel are right in their argument that the officers must be presumed to have made the assessment under the invalid Madison Act, what then was the use of sec. 1983 at all, which, it has been admitted, changed the rule of evidence? The presumption they are confronted with is that the assessor legally listed the property, legally filed his assessment with the board of supervisors, and that legal notice was given to the taxpayers to object, that the assessment roll was legally approved, the levy legally made, and that the taxes were not paid by the owner to the sheriff. We have the right given by statute to invoke all of these presumptions, while they have no right

to invoke the presumption that these officers followed, in making these assessments, the invalid law, with the counter-presumption staring them in the face. Counsel, to sustain their presumptions, invoke the doctrine of *Day* v. *Smith,* 87 Miss. 395, but that case justifies no such deduction. The foundation of the presumption in the case of *Day* v. *Smith,* is found on page 407, where the court says: "The court takes judicial knowledge of the condition of the country in 1861, of what the *status,* the actual *status* of Mississippi was, at that time. The United States supreme court, and all other courts of the Union, judicially knew that war was flagrant, and that Mississippi had a *de facto* government with *de facto* officials, which officers were bound necessarily to execute the mandates of the *de facto* government, the one in power and exercising authority. The acts of the legislature in aid of the confederacy were of course void in law." "

It is fundamental law of government that it must have power to tax, without which the government would instantly perish. *McCullock* v. *Maryland,* by Cheif Justice MARSHALL, 4 Wheaton, 428; *Kirkland* v. *Hotchkiss,* 25 Law. Rep. 558.

The Madison Act was only so much waste paper; it did not so much as repeal the valid law found in the Code of 1880; it accomplished nothing, because the legislature had no power to make it, as has been repeatedly decided. An unconstitutional act can neither tear down nor build up. *Carr* v. *The State,* 22 Am. St. Rep. 524. Of course the state must have in existance, at all times, a valid revenue law, through whose agency it can compulsorily collect its revenues. When the invalid Madison Act was enacted, it had no effect whatever upon the valid law found in the Code of 1880. That law stood without a word or syllable changed, and it became the duty of every officer to continue to follow it, and not the invalid law; and then, when a litigant comes in to assert the invalidity of the revenue laws of the state, the decisions simply

say that he must prove it. *State* v. *Blend,* 16 Am. St. Rep. 411; *Randolph* v. *Supply Co.,* 17 So. 721; *Carr* v. *The State,* 22 Am. St. Rep. 624; 11 L. R. A. 307; *State* v. *Benziner,* 20 L. R. A. 87. Counsel refer to sundry cases on pages 4 and 5 of their brief, all of which we have examined carefully, but we think no reference or discussion need be made to, or of, any of them, except the following which we find to hold the Madison Act void: *Hawkins* v. *Mangum,* 78 Miss. 97; *Butts* v. *Ricks,* 82 Miss. 533; *Coffey* v. *Coleman,* 85 Miss. 14; *Scharborough* v. *Elmer,* 87 Miss. 508; *Eastland* v. *Lumber Company,* 90 Miss. 33; *Hamner* v. *Yazoo, etc.,* 56 So. 466; 100 Miss. 349.

The fundamental fallacy of the assumption of counsel here is in assuming "that the general law of assessment in force during the years 1889, 1890, 1891 and 1892, was the Madison Act." There is no dispute that the Madison Act was absolutely void and has no more effect than so much waste paper, that the pages on which it is printed may just as well have been left out, left without a letter or word upon them, leaving the general revenue laws of the Code of 1880 in full vigor and effect. How then can counsel say that this dead statute was a living one? To so argue would be to resurrect the miracle that occured in Mosaic times, when Aaron's rod budded. The dead thing cannot have life. And an unconstitutional statute cannot displace a legal and constitutional statute. This fundamental and erroneous assumption lays at the root of counsel's whole brief, and when that error is punctured, the entire argument collapses and leaves nothing whatever standing.

SMITH, C. J., delivered the opinion of the court.

Appellee instituted this suit in ejectment in the court below and at the close of the evidence the court instructed the jury to find in his favor, and there was a verdict and judgment accordingly. After issue joined each party

demanded of the other in writing "a bill of particulars of his claim of title to the premises in question," which demand was by each complied with.   Each claimed and proved on the trial a record title, appellee's title being traced through a sale to the state by the tax collector in 1892 for the taxes of the preceding year.   Appellant, in addition showed possession in himself and in the parties to the deeds through which he claims.   What occurred at the close of the testimony can best be stated in the language of the bill of exceptions:

Counsel for plaintiff: "We move to exclude this testimony and for a peremptory charge."

Counsel for defendant: "So do we.   We won't let you have any advantage of us in that."

Motion of plaintiff sustained, to which the defendant excepted.

Counsel for defendant: "We now ask that we be allowed to reopen the case and show that this land was sold under an assessment under the Madison Act."

Motion overruled, to which the defendant excepted.

Counsel for defendant: "We offer in evidence the fact that this land was assessed and sold under the Madison Act."

The court overruled that motion on the ground that the bill of particulars did not warrant such testimony.

Counsel for defendant: "Counsel now then moves the court to permit him to amend his bill of particulars to show that from the records of Monroe county that the land in question was assessed under the Madison Act, and the land was sold because the taxes for the year were not paid."

Motion overruled, to which the defendant excepted.

The Madison Act, referred to in this bill of exceptions (chapter 9 of the Laws of 1888) entitled "An act to equalize assessments in the different counties in the state," was repealed in 1892 after the tax sale here in question, and was declared void under the Constitution of 1869 in *Hawkins* v. *Mangum,* 78 Miss. 97, 28 So. 872.

The grounds upon which appellant seeks a reversal of the judgment of the court below are: First, that the court should have presumed that the sale in question was based upon an assessment made under the provisions of the Madison Act, and therefore void; second, if the court could not so presume the case should have been reopened, and he should then have been permitted to introduce testimony showing that the assessment was in fact made under the provisions of the Madison Act; third, that if necessary he should have been permitted to amend his bill of particulars. The argument of counsel for appellant in support of the first of these grounds is that until the contrary is made to appear, civil officers, including tax assessors and collectors, are presumed to obey the laws enacted by the legislature without reference to their constitutionality, leaving that matter to be determined by the courts; and therefore, since the assessment and sale of the land in question was made before the Madison Act was repealed, there being no evidence to the contrary, the court must presume that the assessment was made under the provisions of this act, and that the sale is therefore void.

We are relieved from determining whether such a presumption as that here invoked does ordinarily arise, for the reason that it is provided by section 1983 of the Code that:

"A conveyance made by a tax collector to an individual purchaser of land at a sale for taxes, and the list of lands sold to the state at such sale, shall be *prima facie* evidence that the assessment and sale of the land were legal and valid."

Notwithstanding the adoption of the Madison Act the then existing general law governing the assessment of land for taxes remained in force, under which a valid assessment could have been made. This being true, the list of land sold to the state and introduced in support of appellee's title is *prima facie* evidence that the assess-

ment under which the land was sold was made under the then still existing valid law.

While *Coffee* v. *Coleman*, 85 Miss. 14, 37 So. 499, is not directly in point, for the reason that in that case the bill charged specifically that the assessment was valid, the result here reached must be the same as was reached there, for the reason that a *prima facie* case made by evidence is equally as effective, until overturned, as one made by allegations in a bill to which a demurrer has been interposed.

Apppellant's motion to reopen the case and for leave to introduce testimony showing that the assessment was in fact made under the provisions of the Madison Act should have been sustained. The ground upon which appellee seeks to uphold the act of the court below in overruling this motion is that the application to amend the bill of particulars came too late. The defect in this position is that it was not necessary for appellant to have amended his bill of particulars in order to make competent the evidence he sought to introduce. This evidence was intended, not to establish any link in appellant's chain of title, but to show the invalidity of one of the deeds through which appellee claims.

Section 1827 of the Code, under which the bill of particulars here in question was demanded, contemplates only that either party shall inform the other, when requested so to do, of the evidence, documentary or verbal, by which he expects to establish his own title, or, rather, of the deeds or other sources of title through which he claims, and not that he shall inform the other party of evidence which he will introduce in order to show the invalidity of any deed or other source of title through which such other party claims. For instance, if the defendant intends to introduce testimony showing that one of the deeds under which the plaintiff claims title is a forgery, it is not necessary for him to advise the plaintiff of this fact by including a reference thereto in the ab-

stract of title and bill of particulars furnished the plaintiff in response to a request therefor.

*Reversed and remanded.*