ALVIS *et al. v.* HICKS *et al.*[*]

(Division B. April 2, 1928. Suggestion of Error Overruled May 7, 1928.)

[116 So. 612. No. 27056.]

*Corpus Juris-Cyc. References: Municipal Corporations, 28Cyc, p. 1702, n. 71; p. 1703, n. 75; p. 1723, n. 90; p. 1724, n. 3; Taxation, 37Cyc, p. 875, n. 14; p. 1486, n. 38.

*R. L. Bullard,* for appellants.

*Morse & Bryan,* for appellee city of Jackson.

*Lamar F. Easterling,* for appellees, C. W. Hicks, *et al.*

Argued orally by *Lamar F. Easterling,* for appellees.

ANDERSON, J.  The appellees, the minor heirs of H. L. Hicks, filed their bill in the chancery court of the First district of Hinds county, against the appellants, A. H. Alvis, I. L. Latimer, C. C. Street, Lillie Mai Barksdale Hicks, a *non compos mentis,* and her guardian, and the city of Jackson to redeem from tax sales their undivided interest in certain lots in the city of Jackson, described

in the bill. There was a trial on bill, answer and cross-bill of the city of Jackson, answers, and proofs, resulting in a decree granting the prayer of appellees' bill. From that decree, appellants prosecute this appeal.

Appellees, in their bill, undertook to deraign title to the lots involved from the government down to H. L. Hicks, through whom they claim title. They also undertook in their bill to show title in the said H. L. Hicks by conveyances coming down to him through an antecedent grantor of the lots who had acquired title to the lots by adverse possession under claim of title for more than ten years. The bill alleged, in substance, that H. L. Hicks, through whom appellees claimed title to the lots, died intestate in 1913, leaving a widow and four minor children; that at the time of his death he owned a one-half undivided interest in the lots involved; that his widow conveyed her one-fifth undivided interest in the lots to C. W. Hicks "as guardian and trustee" for her minor children; that subsequently one of the children died, and her one-fifth of one-half undivided interest in the lots was inherited by appellees, the other three children and their mother, the latter being the divorced wife of H. L. Hicks, and still living, her interest being one-twentieth of one-half of the undivided interest; that she was insane at the time of the filing of the bill, and had been continuously since the tax sales of the lots, from which tax sales appellees sought to redeem their interest in the lots; that the lots were assessed for state and county taxes for the year 1923, which were not paid, and were sold in 1924 for such unpaid 1923 taxes and purchased by the state; that after the two-year period for redemption provided by statute for persons *sui juris* had expired, the lots were sold by the state to the appellants; that the lots were situated in the city of Jackson and were assessed for city taxes for the years 1920 and 1921; that the taxes for those years were not paid; that the result was that the lots were sold in 1921 for the city taxes due on them

for 1920, and again in 1922 for the city taxes due on them for 1921, at each of which sales they were purchased by the city of Jackson; and that the two-year period provided by statute for redemption by persons *sui juris* from said tax sales had expired before the bill in this cause was filed.

Appellee, the city. of Jackson, answered the bill, making its answer a cross-bill against the other appellees and appellants. In its answer and cross-bill, the city claimed title to the lots involved by virtue of said tax sales to it and sought to cancel the tax title of appellants derived from the sale of the lots to the state, in 1924, for their state and county taxes of 1923, claiming that the lots after they were purchased by the city, and the two-year period provided by the statute for their redemption had expired, were not subject to sale for their state and county taxes. The city alleged in its answer and cross-bill, and the evidence showed without dispute, that at the time of the sale of the lots in 1924 for their state and county taxes of 1923, the two-year period for their redemption from the city sales, provided by statute, had expired. In its final decree, the court held that the appellee, the city of Jackson, by its tax sales of 1921 and 1922, and the purchase by it, at such sales, of the lots involved, acquired title thereto, subject to the right of the appellees C. W. Hicks, Jr., H. L. Hicks, and Willena Mae Hicks, minors, through their guardians, C. H. Hicks, and Mattie Mae Hicks, and Mrs. Lillie Mai Barksdale Hicks, *non compos mentis*, to redeem, and canceled appellants' title derived from the state under the sale of the lots in 1924 for their state and county taxes of 1923.

It is contended by appellees, and seems to be conceded by appellants, that if appellees sufficiently deraigned their title to the interest claimed by them in the lots involved, they are, on account of their disabilities, entitled to redeem such interest from either the appellants or the city of Jackson; and that the question as to which

of the two is entitled to the amount necessary to redeem depends upon who acquired the superior title at the tax sales above referred to—the city or the state.

We are of the opinion that appellees' bill sufficiently deraigned title to a one-half interest in the lots involved in H. L. Hicks, through whom they claimed title.

At the time of the sales of the lots, in 1924, for their state and county taxes for 1923, the statutory two-year period for their redemption by persons *sui juris* from their sales of 1921 and 1922, for city taxes, had expired. Appellees' position is that thereby the lots had become city property of the city of Jackson, and, under subdivision (e) of section 4251, Code 1906 (section 8154, Hemingway's 1927 Code), were exempt from sale for their state and county taxes. The statute provides among other things, that all property, real or personal, belonging to a municipality shall be exempt from taxation. Appellants contend that the statute exempting real and personal property owned by a municipality has no application to real estate acquired by a municipality in the process of enforcing the collection of the municipal taxes due thereon; that the exemption only applies to the real estate acquired by a municipality for use for municipal purposes. Appellants cite, as bearing out the contention, the second paragraph of section 3314, Code 1906 (section 6750, Hemingway's 1927 Code), providing what property a municipality may own, which follows:

"To purchase and hold real estate and personal property; to purchase and hold real estate, within the corporate limits, for all proper municipal purposes, and for parks, cemeteries, hospitals, schoolhouse, houses of correction, waterworks, electric lights, and sewers. And without the corporate limits may be owned under purchase, grant, or devise, heretofore or hereafter made, to be used for such purposes, and for pesthouses."

Also the last sentence of section 3428, Code 1906 (Hemingway's 1927 Code, section 7012):

"But such title shall be subject to a title acquired under a sale for state and county taxes."

And the last sentence of section 3427, Code 1906 (Hemingway's 1927 Code, section 7011), which is as follows:

"The board shall be authorized to pay the state and county taxes on lands thus acquired by it, and to collect the money thus paid, with the same damages and interest allowed individuals in similar cases under the general revenue laws of the state thereon from the date of such payment, upon the redemption of the lands from the municipal sale."

The language of the exemption statute could not be broader or more comprehensive. It simply provides that all property, real or personal, belonging to a municipality shall be exempt from taxation. The two sentences quoted above of sections 3427 and 3428, Code 1906 (sections 7011 and 7012, Hemingway's 1927 Code), have no application to land acquired by a municipality where the statutory two-year period of redemption has expired. It is only while the tax title of the municipality remains inchoate that those provisions have any application. They apply alone to the two-year redemption period. It was held in the case of *City of Laurel* v. *Weems,* 100 Miss. 335, 56 So. 451, that when a municipality acquired title to land with state and county taxes at the time a lien thereon, that *ipso facto* such lien was released. We are of the opinion, therefore, that the statute exempting the real and personal property belonging to a municipality applies to *all* real and personal property that the municipality is authorized by law to acquire and own, including lands acquired by it as a result of the enforcement of the collection of municipal taxes due thereon; and that when it acquires its title, any existing lien on the property for state and county taxes is thereby removed.

Appellants contend that the assessment of the lots involved for municipal taxes, for the payment of which

they were sold to the city of Jackson, was void, because the taxpayers of the municipality were not legally notified of the equalization meetings of the municipal authorities at which the assessed values of the lands within the municipal limits were fixed for taxation. The assessments, under which the lots involved were sold, were those of 1920 and 1921. The order of the city council of the city of Jackson approving the assessment of the real and personal property of the city for 1920 was in this language:

"Be it Ordained by the Council of the City of Jackson:

"Section 1. That the real and personal assessment roll filed by the city assessor, J. W. Langley, on the 3d day of August, 1920, and which has been equalized and examined by this council after giving *ten days' legal* notice as required by law, be and the same is hereby approved and adopted as the real and personal assessment for the purpose of taxation for the year 1920 for the city of Jackson.

"Sec. 2. That this ordinance shall take effect and be in force as provided by law."

The order of the city council approving the assessment roll of 1921 was in substantially the same language as that approving the assessment of 1920, except, of course, as to the year of the assessment under consideration. Appellants argue that this notice to the taxpayers were jurisdictional; that without the giving of it, as required by law, the assessment would be void—and that is true. Appellants argue further that the recital in the two orders that ten days' legal notice had been given, as required by law, was insufficient; that the orders should have set out the manner of the giving of notice, so that it could be determined from the face of the orders whether or not the law had been complied with in that respect. We do not think appellants' contention is well founded. In each of the orders the city council adjudicated the fact that the law had been complied with, and that ten days' no-

tice had been given, as required by law, of the equalization meetings of the city council. It was not necessary for the council to set out in its orders how the notices were published—whether by newspaper, posting, or both. Although the jurisdiction of a council sitting as an equalization board is special and limited, and the jurisdictional facts must appear on their minutes, that does not mean that in their minutes it is necessary for them to set out all the evidence constituting the jurisdictional facts.

No order, nor ordinance, of the city council of Jackson was introduced in evidence by any of the parties fixing the place within the corporate limits for tax sales, as required by section 3425, Code 1906 (Hemingway's 1927 Code, section 7008). Appellants contend that the burden of proving such an order or ordinance rested upon appellee, the city of Jackson, to sustain its cross-bill. It was held in *Nixon* v. *Biloxi*, 76 Miss. 810, 25 So. 664, that a municipal tax sale was invalid when the municipal authorities had failed to designate a place for making such sales, as required by the statute. Section 1983, Code 1906 (Hemingway's 1927 Code, section 1715), provides as follows:

"A conveyance made by a tax collector to an individual purchaser of land at a sale for taxes, and the list of lands sold to the state at such sale, shall be *prima-facie* evidence that the assessment and sale of the land were legal and valid."

Section 3428, Code 1906 (Hemingway's 1927 Code, section 7012), reads as follows:

"The deeds of the tax collector to individuals, and the list of lands sold to the municipality, which shall be made as required to be made by the state and county collector, shall be filed within ten days after the tax sale, with the municipal clerk; and each shall have the same force and effect, and confer the same right and entitled to the same remedies, as deeds and list made for delinquent taxes by the state and county tax collector. But such title shall

be subject to a title acquired under a sale for state and county taxes.''

We think it clear that the latter section quoted applies the former to the municipal tax sales, and, therefore, under the provisions of the former, when the city introduced the lists of lands sold to the municipality in 1921 and 1922 for their taxes of 1920 and 1921, which lists included the lots here involved, a *prima-facie* case was made out in favor of the city that the sales of these lots to the city were valid. Under the statute, it is to be presumed, unless the contrary is shown, that the city council designated the place at which the sales were made, and that otherwise the law was complied with in reference to the conduct of such sales. *Wheeler* v. *Ligon,* 62 Miss. 560; *Mitchell* v. *Tubb,* 107 Miss. 221, 65 So. 216. We are of the opinion, therefore, that the burden was on appellants to show that the city violated the statute, if it was violated, in failing to fix a place in the municipality for the said tax sales.

But the appellant contends that the city failed to introduce in evidence valid lists of lands, including the lots involved sold to the municipality in 1921 and 1922, and therefore, under the authority of *Shelby* v. *Burns* (Miss.), 114 So. 349, the city failed to make out its case. It was held in that case that, in a suit to confirm a tax title, complainant must introduce, in evidence, the sale list of lands and such list must be signed by the tax collector, or his legal deputy; otherwise, complainant would not be entitled to have his tax title confirmed. The city, in the present case, did introduce in evidence what it claimed to be the list of lands, including the lots involved, sold to the city in 1921 and 1922 for their taxes of 1920 and 1921. It is difficult to tell from the record just how these lists were made out and certified to, but, as we understand the testimony of the city clerk, Johnson, there were such lists which were properly signed and certified to. Whether he certified to the list at the top or bottom

of the page, we think, is immaterial. In giving his testimony, he read into the record what the lists showed, and there appears to have been no difficulty in ascertaining therefrom that the lots involved were among other lands sold to the city in 1921 and 1922 for the city taxes thereon of 1920 and 1921.

We agree with the trial court that appellants acquired no title to the lots involved by their purchase from the state, but that the city of Jackson acquired title by its purchase at its tax sales of 1921 and 1922, subject to the right of the owners under disability of minority and unsoundness of mind in redeem.

*Affirmed.*

