## CITY OF JACKSON *v.* HOWIE.

(Division B.   June 7, 1937.)

[175 So. 198.   No. 32765.]

**W. E. Morse,** of Jackson, for appellant.

Howie, Howie & McGowan, of Jackson, for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellee filed his bill against the appellant in the chancery court of Hinds county to quiet the title claimed by him to certain lots in the City of Jackson. The clause was heard on bill, answer, and proofs, resulting in a decree in appellee's favor. From that decree the city appeals.

The material facts are undisputed. The city held against the lots in question a lien for a certain municipal benefit assessment, payable in installments covering a period of several years. The owner of the lots defaulted in the payment of the 1931 installment, also in the payment of both state and municipal ad valorem taxes assessed against the property that year. On April 4, 1932, the sale of lands for their delinquent state, county, and municipal taxes for the year 1931 was held. The property involved was purchased by the city at its sale. The sale for state and county taxes was not completed on that day, and for that reason continued the next day, the 5th of April, when it was sold and purchased by the state. The period of redemption had been extended to a period of three years, therefore the state's title ma-

tured on the 5th day of April, 1935. The city contends that its title matured a day earlier than the state's because it had purchased the property a day earlier.

Under sections 2588 and 2589, Code of 1930, the city could not acquire title by tax sale while the property was charged with the state and county taxes. The last clause of the latter section provides that the title acquired under municipal sale shall be subservient to that acquired under sale for state and county taxes; and the first section provides that where the municipality purchases at its own tax sales it shall have the right to redeem from state and county tax sales.

Alvis v. Hicks, 150 Miss. 306, 116 So. 612, is referred to as supporting the city's contention. That case is not in point. There the court held that where the tax title of a municipality had become perfect the property was not subject to state and county taxes. That principle has nothing to do with this case. Here, when the state purchased, the municipality had no title and the rights it did acquire by its purchase were entirely subservient to those of the state.

The city contends that the court erred in quieting appellee's title as to the municipal special assessment against the property. Section 17, of chapter 174, Laws of 1936, provides, among other things, that, where land in a municipality is subject to special municipal benefit assessment, secured by a lien on the land, such lien shall not be abated or canceled on account of the sale of the land to the state for delinquent taxes, but such lien shall be held in abeyance during the period the property is owned by the state, and immediately upon the title to the state passing from it by virtue of a sale such lien shall again become effective.

Appellee purchased from the state after this statute was adopted; and contends (1) that the statute has no application because it was prospective and not retroactive in its effect—that it applied to future tax sales, not to past tax sales; (2) that the tax sale to the city for the

special assessment extinguished the lien for the payment of the assessment, therefore there was no lien to revive. The first proposition was involved and disposed of in the City of Biloxi v. R. J. Lowery (Miss.) 175 So. 200, in which a suggestion of error was filed and overruled, the opinion overruling it goes down with this case. We will add this, however, to what was said in that case. Section 33 of the act is the reliance; it provides that nothing in it shall affect any claim, right, or remedy which arose previous to the adoption of the act, but that such claims, rights, and remedies shall remain in full force and effect unless otherwise provided by the act. Under section 17 the only right or claim affected by the act is that of the state, and the effect is not prejudicial to the state but rather beneficial. Municipalities are governmental agencies of the state; they exercise part of the state's sovereignty. Many of them had issued special benefit assessment bonds. One of the objects of section 17 was to some extent to insure the payment of these bonds. The state lost nothing by adding to the price of its lands these benefit assessments.

The principle relied on that the foreclosure of a lien extinguishes the lien has no application here, because by the city's foreclosure and purchase it received nothing except an inchoate title that was entirely subservient to the rights of the state; the state's title became perfect and the city's inchoate claim became worthless. It turned out, therefore, that nothing was sold and nothing was purchased at the sale.

We do not think there is any merit in either one of these contentions.

Reversed and remanded.

**Ethridge, P. J.,** delivered an opinion specially concurring.

I concur, with some doubt as to whether the sale by the city for special improvements did not extinguish the

lien to that extent, but I have decided that the purpose of section 17, chapter 174, Laws of 1936, is to burden the sale from the state with the amount of the money due to the city for special improvements. In my view, it is a just and proper burden on the land sold by the state after the passage of this act, as a condition of sale.

In my judgment, there is no constitutional provision which prevents the state from imposing such conditions as it sees proper in making sales of its own property.

I do not agree that the city received nothing by the sale; by the sale for special improvements, the city secured an imperfect title which would become perfect after it paid off the state's claims, or redeemed the land from the sale to the state within the statutory period. If the statute in favor of its own sale against the owner makes it perfect, it would get a complete title. In other words, it would have all the rights had it followed up the conditions given it by the law to secure full title to the property.

The fact that it became worthless by the state's title maturing did not affect its validity at the time of the sale.