STEWART *v.* MAYOR AND ALDERMEN OF CITY OF VICKSBURG.

(Division A.   April 19, 1943.   Suggestion of Error Overruled May 31, 1943.)

[13 So. (2d) 40.   No. 35314.]

190

**Brunini & Brunini** and **Frank E. Everett, Jr.,** all of Vicksburg, for appellant.

192

**Vollor & Teller** and **R. M. Kelly**, all of Vicksburg, for appellees.

Argued orally by **Frank E. Everett, Jr.**, for appellant, and by **Landman Teller** and **R. M. Kelly**, for appellees.

**McGehee, J.,** delivered the opinion of the court.

On January 1, 1941, Mrs. Harrison Stewart, now deceased, for whose estate the appellant is the executor, owned Lot 287, Square or Block 60, in that part of the City of Vicksburg known as Vicksburg Proper, and which was returned to the city tax assessor for ad valorem taxation at the sum of $400 as compared with the previous

assessment of $1,350. The owner then being absent from the city, such return was made and verified by an attorney who requested the privilege of so doing, and on which return the property was listed as West Center Part, Lot 287, 26 x 100, Block No. 60, Vicksburg Proper. The assessor having later completed his rolls, filed the same with the city clerk on October 24, 1941, which was within the time required by the city ordinances, to be submitted to the mayor and board of aldermen at its regular session on November 3, 1941, for approval, listing this property as ''WC pt. 287, 26 x 100, Block No. 60,'' without specifying the subdivision in which the same was located, and with a recommendation that the assessment returned by the attorney for the property owner be raised to $1,150. After certain proceedings were had, as hereinafter mentioned, the board, at a subsequent meeting, raised the assessment to the sum of $1,350, describing the property as ''Mrs. Harrison Stewart, WC Pt. of Lot 287, 26 x 100 ft., Sq. 60, Vicksburg Proper;'' and from which assessed valuation there was an appeal by the property owner to the circuit court as provided for by Section 62, Code of 1930, which does not require a bill of exceptions therefor, but declares that: ''Any person aggrieved by a decision of . . . the municipal authorities of a city, . . . as to the assessment of taxes, may, within ten days after the adjournment of the meeting at which such decision is made, appeal to the circuit court of the county, upon giving bond, . . . in double the amount of the matter in dispute, . . . and conditioned to perform the judgment of the circuit court . . . and the controversy shall be tried anew in the circuit court . . .''

Upon the trial in the circuit court on the record of the proceedings had by the mayor and board of aldermen and an oral proof, there was a verdict by the jury in favor of the appellees in the following form: ''We, the jury, find for the City of Vicksburg,'' upon which a judgment was entered assessing the value of the property at $1,350, and from which judgment this appeal is taken.

The validity of the judgment appealed from is challenged on numerous grounds, including the insufficiency of the description as "WC Pt. of Lot 287," etc., the want of due process on the property owner prior to the adoption of the order raising the assessment, the insufficiency of the evidence to justify the increase in valuation, the giving of alleged erroneous instructions and the refusal of other instructions requested, and the alleged invalidity of the verdict rendered by the jury in failing to fix the value of the property involved.

In order to determine whether the errors assigned, or either of them, are well taken, it is necessary that we state what the charter and ordinances of the municipality required as relating to the assessment of property for ad valorem taxation, and that we shall also state what was done pursuant thereto.

The City of Vicksburg operates under a special charter, which, as amended, requires, among other things, that the tax assessor shall apply to each property owner or his or her agent for a sworn valuation or assessment of property on blanks similar to those prescribed by law for state and county assessments; that the assessor shall report to the mayor and aldermen any undervaluation, at a time to be prescribed by them, with a statement of what he believes to be a reasonable and just taxable value of the property; that such report of the assessor shall be received and considered by the mayor and aldermen at such time and upon such notice to the property owner as may be fixed by ordinance; and that upon the hearing of any protest or objections made by the property owner, if it be found that the valuation be less than the mayor and aldermen should believe the property to be worth, they may of their own motion, and without any statement or recommendation from the assessor as to what he believes it to be worth, raise the valuation to an amount that, in their opinion and belief is fair, reasonable and just, upon such previous notice to the owner of the property as may be fixed by an ordinance of the City of

Vicksburg. The authority is also given to the mayor and aldermen to equalize the assessment of all property in the city so that property of the same value shall be assessed for an equal sum, but not to exceed its fair and full worth and market value. The ordinances prescribing the notice provide that when the board shall have completed its work, the city clerk shall publish a notice once a week for two consecutive weeks in the "official paper" of the city, notifying the property owners that the assessment roll has been revised and that all objections or exceptions thereto must be filed with the city clerk within twenty days from such first publication; and the ordinances further provide that after the expiration of such twenty days, the mayor and aldermen will consider and pass on the objections or exceptions filed.

It appears that on November 3, 1941, the mayor and aldermen met in regular session, received the report of the assessor submitting for final approval his assessment rolls for the year 1941, adjourned to meet as a Committee of the Whole at four o'clock P. M. on November 6th for the purpose of reviewing and revising the assessment rolls, continued from day to day through November 15th, the 16th being Sunday, and that on November 17th, the date for the second regular meeting of the month, they met and adjourned until four o'clock of the next day when the Committee of the Whole made a report of its work in revising the assessments and showing the increase of the appellant's property from $400 to $1,350, and which report was thereupon approved and adopted by the board, and an order entered stating that the taxpayers shall have until Thursday afternoon at four o'clock, December 11, 1941, within which to examine the assessments as made by the assessor and the recommendations made by the Committee of the Whole, and to file any objections or exceptions which they may have thereto, and the order also states that any person failing to file objections or exceptions within the time named shall be precluded from filing them thereafter; also that the board would take up

said assessments and all objections thereto for consideration at its meeting on December 11, 1941, at the hour above stated. It appears that the first Monday in December, the regular day for the meeting, was December 1st, and that the next regular meeting, the third Monday of December, was December 15th; wherefore, objection is here made that the meeting of December 11, 1941, was held on an arbitrary date and is illegal and void. But, without undertaking to recite the various provisions of the different ordinances of the city, we have reached the conclusion that the various meetings of the board heretofore referred to were duly authorized and legally held.

As to the required notice to the taxpayers, it appears that pursuant to the order of the mayor and board of aldermen in that behalf, the clerk published a sufficient notice to the property owners of the time for filing objections or exceptions to the assessments, prior to December 11, 1941, and that on that date the mayor and aldermen duly adjudicated that such notice ''had been duly given by publication once a week for two consecutive weeks in the Vicksburg Evening Post, a newspaper printed and published in the City of Vicksburg, a proof of publication of which has been duly made and filed with the clerk of the board,'' and further that the taxpayers ''were fully notified, as required by the ordinances in such cases made and provided, and also by personal notice, as provided by order of the board''; but it is urged that such adjudication does not affirmatively show that twenty days had expired between the date of the first publication of the notice and the date for hearing the exceptions or objections. The proof of publication, however, on file with the clerk and introduced in evidence, discloses that such twenty days had so expired, and as to which complaint see the case of Alvis v. Hicks, 150 Miss. 306, 116 So. 612.

It is also objected that this order of the board did not adjudicate that the Vicksburg Evening Post was the ''official paper'' of the city, in which the ordinances re-

quired such notice to be published; and it is also objected that the proceeding disclosed that the property owner was given twenty-two days notice, whereas the ordinances provide for only twenty days notice before the hearing of the exceptions or objections.

But, notwithstanding these alleged infirmities in the proceedings and the process had upon the taxpayers, the appellant appeared at the meeting on December 11, 1941, through his attorney, and filed a written protest to the increase in the assessment complained of, and which increase the board allowed to stand after inspecting the property involved. This written protest is not contained in the record before us, but the statement is made in the brief of the appellee and it is unchallenged by the appellant that the protest filed raised an objection only to the assessed valuation of the property as increased and fixed by the mayor and aldermen, and not to the insufficiency of the description of the property or other matters thereafter complained of, and that the hearing afforded him was therefore upon that single issue. Nor is it contended here that the taxpayer objected to the right of the board to make the assessment on the ground that the description may have been insufficient or that the notice to the taxpayers had not been published as required by the ordinances. And, even though an objection to the sufficiency of the description of the property on the assessment roll may have been well founded, it must be presumed that the board would have readily corrected the same if the defect had then been called to its attention. Moreover, it would appear from the city ordinances that the hearing contemplated and provided for, where the assessment returned by the taxpayer has been increased, is for the purpose alone of affording him an opportunity to present his objections to the valuation fixed by the taxing authorities; and that this is likewise the issue to be tried in the circuit court upon an appeal under Section 62, Code of 1930, from an assessment of taxes. Of course, a different situation would be presented if this

suit had been one to enjoin the collection of taxes or challenging the validity of a tax sale of the property in question.

Upon the trial in the circuit court, it was shown that the said lot Number 287 was 26 x 100 feet in dimension and that there was a two story brick residence located thereon containing about nine rooms, and although it had been permitted to become in a bad state of repair, we think that there was ample evidence to sustain a verdict of the jury upholding the assessment fixed by the taxing authorities, and this is especially true in view of the fact that the jurors viewed the premises in question during the trial. Assuming this to be true, the proper form of the verdict would have been, "We, the jury, find for the City of Vicksburg, and assess the value of the property at $1,350," but we are of the opinion that the jury manifestly intended by the form of the verdict rendered to uphold the assessment of the property as fixed by the city, in view of all of the instructions when considered as a whole. The court instructed the jury for the city that it was the duty and legal obligation of the mayor and aldermen to assess the property according to its fair and full worth and market value, on a basis of equality to other property within the City of Vicksburg, and that if the jury found from the evidence that these officials had "performed these duties aforestated in assessing the property of Harrison Stewart for 1941," they should find a verdict for the city; and that in such event, the form of the verdict may be "We, the jury, find for the City of Visksburg." In other words, the jury was told that if the taxing authorities had assessed the property according to its fair and full worth and market value, as is specifically required by the city ordinances, and on a basis of equality, that such assessment should be permitted to stand. When this instruction is considered in the light of an instruction granted to the taxpayer to the effect that if the jury believed from the preponderance of the evidence in the case that the valuation for assessment of

$1,350 was in excess of two-thirds of its true cash market value as of January 1, 1941, then it should find for the decedent, the property owner, and assess said property at whatever the jury should find from the evidence in this case to be two-thirds of its true cash market value as of that date, but not less than $400, the jury was expressly authorized to assess the value of the property at less than $1,350 if they thought that such sum was in excess of two-thirds of the fair cash market value—an erroneous instruction in the property owner's favor unless required to secure equality—and we. are of the opinion that the verdict in the form rendered can mean nothing else than that the jury did not think the assessment fixed by the city at $1,350 was excessive. Again, if seasonable objection had been made to the form of the verdict, the court could have directed that it be put in proper form. Under the circumstances, the court does not feel justified in reversing and remanding the case for a new trial merely to allow the verdict to be put in proper form, and the judgment will therefore be affirmed.

Affirmed.

## On Suggestion of Error.

**Roberds, J.**, delivered the opinion of the court on suggestion of error.

In our original opinion in this case [13 So. (2d) 40, 43] we said: "Moreover, it would appear from the city ordinances that the hearing contemplated and provided for, where the assessment returned by the taxpayer has been increased, is for the purpose alone of affording him an opportunity to present his objections to the valuation fixed by the taxing authorities; and that this is likewise the issue to be tried in the circuit court upon an appeal under Section 62, Code of 1930, from an assessment of taxes." We now withdraw that statement and express no opinion on the matters therein mentioned.

In that opinion we also said ''and this is expressly true in view of the fact that the jurors viewed the premises in question during the trial.'' There were four of these tax appeal cases, and in the other three cases the record shows that the jury did view the premises, but in this case it appears that the inspection of the premises was made by the mayor and aldermen in connection with the hearing of the taxpayer's objections to the increase in the assessment, and not on the trial in the circuit court. We, therefore, withdraw the above quoted statement. It has no effect upon the merits of the case, and we withdraw it for the sake of accuracy. The records and briefs are voluminous in all of these cases, and this resulted in confusion as to the particular case in which the jury did not view the premises.

Overruled.