HAWKINS *v.* CITY OF WEST POINT.

(In Banc.   Oct. 14, 1946.   Suggestion of Error Overruled Nov. 25, 1946.)

[27 So. (2d) 549.   No. 36169.]

**Frank A. Critz** and **B. H. Loving**, both of West Point, for appellant.

618

Thomas J. Tubb, of West Point, for appellee.

620

Frank A. Critz and B. H. Loving, both of West Point, for appellant, on suggestion of error.

**Griffith, J.,** delivered the opinion of the court.

The City of West Point in this State operates under a special municipal charter granted by the Legislature by Chapter 148, Laws 1892, approved March 23, 1892. Appellant Hawkins is the former owner of the city lot involved in this suit. The lot was sold to the city for the delinquent city taxes thereon for the year 1931. The bill is by the city to confirm its tax title against the appellant, in defense of which appellant answered assigning various reasons why, as he says, the tax title was not good, and he has argued 10 of such alleged grounds on this appeal. There are two principal grounds as follows:

In the third subparagraph of Section 19 of the special charter of the city it is required of the governing authorities, by ordinance,—''To fix some day, not less than thirty days after the time fixed for the completion of such assessment, to hear objection to the assessments, which objections shall be made in writing, and to examine the

same, and to give notice, by publication in some newspaper published in said city, or by posting notices in three or more public places in said city, of the time and place fixed for such hearng and examination, and at such time and place they shall hear all objections, and shall have power to approve, change or correct, increase or diminish, such assessment as shall be proper,'' etc.

It is admitted that before May 20, 1931, no order appears on the minutes fixing a time for the hearing of objections, but on the minutes of that day there appears the following: ''There came on for consideration and hearing before the Board the matter of equalizing the assessment of real and personal property made by the City Tax Assessor on the property in the City of West Point for the year 1931, and this date having heretofore been duly fixed as the day for hearing objections to said assessment rolls, the publication and advertisement having been duly made to all of the taxpayers of said city for thirty (30) days prior to this date to present their objections to said rolls on or before May 19, 1931, and said Board having heard and considered all objections duly made and filed . . .'' An ordinance which had been in effect 10 years fixed the time of the regular monthly meetings of the city council for the second Tuesday of each month, and from day to day thereafter. This for May 1931 would be the 12th. On that day the minutes show that the Mayor and Board of Aldermen met and among the orders adopted was the following: ''This regular meeting stands continued to meet again at 7:30 P. M. Tuesday night, May 19th 1931.''

It is the contention of appellant that the making of the order mentioned by the statute fixing the time for hearing objections to the assessment is jurisdictional; and that the fact that no such order appears on the minutes is conclusive that it was not made,—that the recital in the minutes of May 20, 1931, above quoted is thus proved to be untrue. No authority is cited by appellant to the effect that, when the minutes of a municipality recite that

a previous order was made, the fact that no such order can be found on the previous minutes is conclusive that no such previous order was actually made; and upon a reasonably diligent search we have not been able to find such case precisely in point.

It is beyond doubt the rule, and it is well settled, that the minutes of a municipality import verity and that evidence will not be received in a collateral action to vary or contradict such record when regular and complete on its face. See 37 Am. Jur. p. 677, and the many cases gathered in the notes of Campbell v. Hackensack, 115 N. J. L. 209, 178 A. 794, 98 A. L. R. at p. 1229 et seq. To preserve the integrity of that rule it must be presumed in the light of the quoted recitals of the minutes of May 20, 1931, that the previous order therein mentioned was in fact made but that by some inadvertance it failed to be recorded. The order having been made it was not jurisdictional that it be actually entered on the minutes, the jurisdictional elements thence being that due notice shall be given and that on the day fixed by the order and notice the governing authorities shall be present and shall hear all objections, and this the minutes show was done. See Alvis v. Hicks, 150 Miss. 306, 318, 116 So. 612.

It might well have been argued, although we do not base decision on the point, that inasmuch as the second Monday in each month had been fixed by recorded ordinance as the time for the regular meetings of the council at which any and all municipal business may be transacted, and inasmuch as said regular May meeting, by order regularly entered, had been recessed to May 19, 1931, as has been heretofore shown, all that was necessary was to give the required public notice that at the meeting of May 19, 1931, the matter of equalization would be considered. That such notice was given was sufficiently evidenced by the quoted minutes of May 20th, as to which see Alvis v. Hicks, supra.

In the sixth subparagraph of Section 19 of the charter of said city there is found, as regards tax deeds by the

city tax collector, the following provisions, which we quote to the extent deemed here material: "The said ¡[tax] collector shall make to the purchaser at said sale a deed of conveyance substantially like the deed prescribed by the general laws of Mississippi to be made by tax collectors of State and county taxes, and such conveyances shall vest in the purchaser or purchasers a perfect title to the property sold for taxes, damages or costs, subject to the right of redemption, and such conveyance shall be prima facie evidence in all courts that the assessment and sale of the property was legal and valid; and such conveyance shall only be invalidated only for the same causes or grounds that a State and county tax collector's conveyance may be . . .; and in case the property is struck off to the City of West Point, which the collector shall do in case the full amount of taxes, damages and costs is not bid and paid, the title to the property or failure to reclaim shall vest absolutely in the city . . ."

It will be observed that there is no express provision regulating the form or character of the tax conveyance to be made to the city. The tax deed made to the city by the tax collector was in the same form with the same contents as those made to individual purchasers. Appellant contends that no such deed to the city was authorized but that the only method of conveyance to the city was by tax sales list as provided in the general chapter on municipalities.

There are two answers to this contention. The first is that there was no provision in the general law at the time the special charter of the city was adopted and approved, for the tax conveyance to a municipality to be made by list. Such a provision as to municipalities appeared for the first time in the general chapter on Municipalities in the Code of 1892, but this Code did not go into effect until November 1, 1892.

In the second place this special charter purported to furnish a complete plan for the government of said city

and as to all of its municipal affairs and such being the case it was not required to look to laws governing Code municipalities but to its own procedure and its own government, as to which see City of Corinth v. Sharp, 107 Miss. 696, 65 So. 888. This brings into operation, therefore, the rule that municipalities may exercise all powers which are reasonably necessary to give effect to the powers granted, and in so doing they have the choice of the means adapted to the ends, and are not confined to one method of operation,—this in the absence of a method prescribed by the statute itself. 37 Am. Jur. p. 731; 43 C. J. p. 193. The city authorities were expressly granted the power to make tax sales to the city and inasmuch as no method by which they should authenticate such sales was provided by the governing statute, it was competent for them to choose the method by tax deed as was done, and with all the effect of tax deeds to individuals.

We have carefully examined the other grounds assigned but we find none of them well taken. We do not pursue them in detail, it being our observation that elaborate discussions of the clumsy provisions of these special municipal charters, of which several in number still linger in this State, do not pay out anything of much value to the body of the law.

Affirmed.

**Sydney Smith, C. J.**, did not participate in this decision.