WALKER, Justice:
This is an appeal from the Chancery Court of Scott County, Mississippi. In the lower court, the Bank of Forest sought, inter alia, to have a tax sale declared invalid and to remove a tax deed granted pursuant thereto as a cloud on its title. The lower court granted the relief sought and from this decision College Investment Company appeals.
The facts are that on September 16, 1969, the City of Forest sold the subject land for the taxes due thereon for the year 1968. At the expiration of the two-year period of redemption, the City of Forest issued its tax deed to the tax sale purchaser, College Investment Company. Entered into the record by stipulation was the certificate of the city clerk and tax collector who certified that the governing authorities of the City of Forest did not in any manner, by ordinance, order or otherwise designate a place for the holding of the tax sale, which was held September 16, 1969, for ad valorem taxes due for the year 1968.
The sole question for determination in this case is whether Mississippi Code Annotated section 21-33-63 (1972) requires that the governing authorities designate a place for holding city tax sales. That section reads, in part, as follows:
Sales for the nonpayment of municipal taxes, both ad valorem and for special improvements, shall be made by the tax collector at such place, within the corporate limits, as the governing authorities may direct.
Nixon v. City of Biloxi, 76 Miss. 810, 25 So. 664 (1899) involved the interpretation of section 3022, Code of 1892 (now section 21-33-63). The appellant had sought to enjoin a sale of land for delinquent municipal taxes by charging that the municipal authorities had not designated a place within the city in which tax sales would be conducted. The Court, reversing the decree of the lower court by reinstating the injunction, held that the mayor and board of aldermen had not designated a place for holding the tax sale as required by section 3022, Code of 1892. See Alvis v. Hicks, 150 Miss. 306, 116 So. 612 (1928).
We, therefore, hold that the tax sale which was conducted on September 16, 1969, for taxes due in 1968 was void for failure of the City to follow the dictates of the statute and designate a place wherein the tax sale was to be conducted.
For the reason stated above, the case is affirmed.
Affirmed.
GILLESPIE, C. J., and PATTERSON, INZER, and BROOM, JJ., concur.